## Commonwealth ex rel. *v.* Eich, Appellant.

*Parent and child—Custody of children—Jurisdiction—Order of court of another state.*

The court of another state has no jurisdiction over children whose parents were citizens of Pennsylvania, and an order awarding the custody of such children, issued by the court of another state, is a nullity.

*Habeas corpus—Appeals—Insufficient record.*

Where the record on a habeas corpus proceeding contains no testimony, the case cannot be considered on its merits by the appellate court, but must be left to the judgment of the judge who heard and disposed of the case, and in the absence of any evidence of abuse of judicial discretion, the judgment will be sustained.

Argued October 8, 1919. Appeal, No. 189, October T., 1919, by respondent, from decree of Municipal Court

268, (1919).] Statement of Facts—Opinion of the Court.

of Philadelphia, March Sess., 1919, No. 245, in the case of Commonwealth ex rel. Marion Eich, by her grandfather and next friend Frank J. Ryan, v. Mary Eich. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Petition for writ of habeas corpus. Before BROWN, P. J.

The court awarded the custody of Marion Eich to her maternal grandparents, Frank J. Ryan and wife. Respondent appealed.

*Error assigned* was the order of the court.

*Frederick W. Gourlay,* and with him *Harvey McCourt,* for appellant.

*Joseph P. Gaffney,* of *Gaffney & Bauer,* for appellee.

OPINION BY ORLADY, P. J., December 10, 1919:

The father and mother of Frances Eich, aged six years, and Marion Eich, aged three years, died at Atlantic City, New Jersey, in December, 1918. The maternal grandfather and paternal grandmother, with a view of having some legalized custody of these children, applied to a judge of the Orphans' Court of Atlantic City, New Jersey, to make an order awarding the children to them. It was well understood by the parties and the court, that the Atlantic County Court had no jurisdiction of the subject-matter or of these children, for the reason that the parents were citizens of Pennsylvania, residing in Philadelphia. But to relieve the anxiety of the grandparents an order was made as follows: "January 4, 1919. By consent, but without binding effect upon either party, for the present purpose the court grants custody of Frances to Mr. Ryan, and of Marion to Mrs. Eich." This friendly order was a nullity, and was satisfactory to the parties for a very short time. On March 31, 1919, Frank

J. Ryan, the father of the deceased mother and custodian of her daughter, Frances, presented his petition to the Municipal Court of Philadelphia, alleging that "It was for the best interests of both the children that they should be together with him at his home, where he can amply and properly care for them," etc., and prayed for an order directing Mary Eich to deliver the child, Marion, into his custody.

The municipal court granted a writ of habeas corpus, and after a hearing at which the relator and defendant were present, and upon consideration of all the facts, granted the custody of Marion Eich to the maternal grandparents, Frank J. Ryan and his wife.

This appeal is from that order, and in disposing of it we are confined to an examination of the record sent up by the municipal court which shows affirmatively that the proceedings were regular, and that the court had jurisdiction of the subject-matter and of the parties. The Acts of July 11, 1917, P. L. 817, and of April 18, 1919, P. L. 72, cannot be given effect in this case, for the reason that no testimony has been sent up with the record, hence the merits of the case cannot be inquired into by this court, but must be left to the judgment of the judge who heard and disposed of it in the municipal court and in whom a large discretionary power is vested by law. So far as this record discloses this judicial discretion has been properly exercised.

No irregularity being disclosed in the proceedings, the appeal is dismissed and the order affirmed, the costs of the appeal to be paid by the appellant.