Commonwealth ex rel. Stark *v.* Stark, Appellant.

Argued April 23, 1929.

Before TREXLER, KELLER, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Harvey A. Miller,* of *Miller & Nesbit,* for appellant.

*Carroll Caruthers,* for appellee.

OPINION BY CUNNINGHAM, J., July 2, 1929:
This appeal is from an order of the county court

for the County of Allegheny, directing Sidney L. Stark, the appellant, to pay, through the probation officer, to Margaret K. Stark, his wife, $8 per week for the support of their son, Robert L. Stark, about five years of age. A reference to prior proceedings between the parties is essential to an understanding of the issue now involved.

They were married September 4, 1920, and their son was born February 12, 1924. On April 2, 1927, the wife left their home under circumstances which this court, in an opinion hereinafter referred to, characterized as insufficient to afford her any ground for a divorce; she took the boy with her and obtained employment in Fayette County. Being unable to induce his wife to return, appellant secured possession of the child and brought him to his home in Allegheny County. The wife instituted habeas corpus proceedings in the court of common pleas of Allegheny County; on June 30, 1927, that court awarded the custody of the boy to his mother; the father appealed to this court and, in an opinion by GAWTHROP, J., filed July 12, 1928, we affirmed the order of the common pleas, 94 Pa. Superior Ct. 86. In that opinion we said the evidence indicated that either of the parties is a proper person to have the custody, but, in view of the child's tender years, the order should be affirmed. We also indicated that the time might soon come when the child's welfare would require a change in his custody and that, although the order then under review did not safeguard the father's right to visit his son, we had no doubt the court below would make a proper order if it became necessary. The mother changed her place of employment to the home of a resident of Allegheny County for a few months but, during the year preceding the order now under review, resided first with her married sister and later with her father, both of whom live in that county.

In July, 1928, appellant presented his petition to the common pleas of Allegheny County averring that he was not being afforded reasonable opportunity to visit the child and, after the filing of an answer by the mother, that court, on August 10, 1928, made an order fully protecting his rights.

Within a few days, to wit, on August 14, 1928, the mother made an information before the clerk of the county court for the County of Allegheny under the provisions of the first section of the Act of April 13, 1867, P. L. 78, charging that the father had without reasonable cause separated himself from his wife and child and had neglected to maintain them, and praying that a warrant be issued for his arrest, etc.

On August 31, 1928, the father filed a so-called "answer" to this information, denying these charges; reciting the prior proceedings, to which we have referred; alleging that his wife had deserted him; averring that he is ready, able and willing to support and educate his son "if given his custody;" and praying that an order be made by the county court "giving the custody of the said Robert L. Stark to defendant."

When the case came on for hearing on December 27, 1928, before the president judge of the county court, a motion to strike this answer from the record was granted upon the ground that, as the court of common pleas had already taken jurisdiction over the custody of the child, any question relative thereto could properly be raised only in that court. The mother having stated of record that she remitted and disclaimed any right to support for herself, the hearing in the county court was confined to the question of the child's maintenance. The testimony indicated that the father has an earning capacity of between $5,000 and $6,000 a year, and is amply able to comply with the order. Appellant averred in the answer to which we have referred that he had made certain

purchases for the child, but made no effort at the hearing to show that he had ever made any substantial contribution toward its maintenance since the separation of the parties.

Several of the questions discussed by counsel on both sides in their briefs are not really involved upon this appeal. The only matter properly before us for review is the order directing appellant to pay $8 per week toward the maintenance of his child, and the only questions involved are the jurisdiction of the county court of Allegheny County to make it and the sufficiency of the evidence to sustain it. The foundation for this order is the Act of 1867, supra, the second section of which has been amended from time to time, the last amendment being that of June 15, 1917, P. L. 614. The procedure under this act is quasi criminal in its nature. Any husband or father who separates himself "from his wife or from his children, or from wife and children, without reasonable cause," or who "shall neglect to maintain his wife or children," may be arrested and bound over to appear at the next court of quarter sessions. There is no evidence in this case which would support a finding that appellant "separated" himself from his wife and child, but it is not necessary that desertion on the part of appellant be shown; "neglect to maintain" a wife or child is a distinct ground upon which an order of maintenance may rest: Carey v. Carey, 25 Pa. Superior Ct. 223, 224. As we have seen, the wife does not claim to be entitled to any support from appellant but insists that he contribute to the support of their child; the sole purpose of the act is maintenance and the order is properly confined, under the circumstances of this case, to the maintenance of the child. The jurisdiction of the county court to make an order under the Act of 1867 is conferred by paragraph (b) of section 6 of the Act of May 5, 1911, P. L. 198, 200, establishing a

county court for the County of Allegheny and providing that it shall have jurisdiction, inter alia, "in all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children": Com. v. Hopkins, 53 Pa. Superior Ct. 16, affirmed, 241 Pa. 213.

It is not necessary in the disposition of this appeal to decide whether, as contended by counsel for appellant and denied by counsel for appellee, the provision in the Act of March 19, 1915, P. L. 5, (supplementary to the act establishing the county court and making it the juvenile court for the county) as amended by the Act of May 23, 1923, P. L. 324—reading "said county court shall also have jurisdiction in all proceedings for the custody of children, where the court has acquired jurisdiction in matters relating to their maintenance: Provided, however, that if said children are dependent, neglected, incorrigible, or delinquent, the said court, sitting as a juvenile court, shall have sole jurisdiction"—applies to any children other than "dependent, neglected, incorrigible and delinquent children under the age of sixteen years," as defined by the Juvenile Court Act of April 23, 1903, P. L. 274. It is sufficient to say that the provision quoted did not apply to this child because jurisdiction over the question of its custody had been taken by the common pleas. The only "sole jurisdiction" conferred upon the county court is that formerly vested in and exercised by the court of quarter sessions, sitting as a juvenile court, or a judge of that court sitting as a juvenile court judge, over dependent, neglected, incorrigible and delinquent children.

The original habeas corpus proceedings in this case were instituted in the court of common pleas by virtue of the provisions of the thirteenth section of the

Act of February 18, 1785, 2 Sm. L. 275, authorizing the issuing of the writ in all cases where any person, not being committed or detained for any criminal or supposed criminal matter, shall be confined or restrained of his or her liberty. Our attention has not been directed to any provision in the legislation, creating the county court and prescribing its powers and duties, indicating any intention to transfer, modify or affect in any way the jurisdiction conferred upon the common pleas by the Act of 1785. The common pleas having taken jurisdiction over the question of custody retains it and this appellant may there raise, at an appropriate time and in a proper manner, the question he sought to raise in the county court. On the other hand, the county court clearly had the jurisdiction formerly vested in the quarter sessions relative to the maintenance of the child. The order appealed from was within the jurisdiction of the court making it and the amount of the award is sustained by the evidence.

The order is affirmed.