## Commonwealth ex rel. Berardino v. Berardino, Appellant.

Argued October 9, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Charles J. Margiotti,* and with him *William M. Gillespie, S. C. Pugliesi* and *Hazlett, Gardner and Gannon,* for appellant.

*H. F. Stambaugh,* and with him *Ralph H. Smith* and *Watson & Freeman,* for appellee.

Opinion by Gawthrop, J., December 12, 1929:

On October 11, 1928, Marguerite Berardino filed an information in the county court of Allegheny County, under the Act of April 13, 1887, P. L. 78, and its sup-

plements and amendments, charging that her husband, Michael Berardino, the present appellant, had neglected to maintain her and their child, Michael, Jr., aged eleven years. On the same day a warrant issued and the defendant gave bail for a hearing on November 7, 1928. On November 1, 1928, the wife filed a petition in the same court, asking for the custody of the child, but the rule granted on the petition was not served on the defendant until April 2, 1929. In the meantime on December 20, 1928, a hearing was held in the maintenance proceeding. No claim was made for the maintenance of the child, the prosecutrix admitting that the defendant had him in his custody and was supporting him. On January 31, 1929, the court made an order on the defendant for the support of the wife alone. In the opinion written in that proceeding the court found that the child was "in the custody of defendant and now attending a school at Baden, Beaver County, Pennsylvania," and that the only question in the case was "the amount of maintenance to be awarded to the prosecutrix." On February 13, 1929, a writ of certiorari on behalf of the defendant to this court was filed and on March 14, 1929, the wife perfected her appeal from the same order. (See Com. ex rel. Berardino v. Berardino, 96 Pa. Superior Ct. 288.) The only questions raised in those appeals were as to the amount for which the order was made.

After the rule granted on the petition for the custody of the child was served upon the husband on April 2, 1929, he promptly filed in the court below a petition praying that the wife's petition for the custody of the child be dismissed for lack of jurisdiction, because appellant and the child were, and had been for many years, residents of the County of Westmoreland; that the child was in the father's custody and was being supported and educated by him. After hearing testimony and argument, in which it was also urged that the

county court had no jurisdiction over the matter of the child's custody because it had acquired no jurisdiction in a matter relating to his maintenance, the court held that it had jurisdiction and dismissed appellant's petition. From that order this appeal was taken.

The sole question presented for our determination is whether the county court had jurisdiction to decide the question of the custody of the child. The evidence taken at the hearing fully supports the finding of the court below, that there is no doubt that the father was, and for some years had been, a resident of Westmoreland County. It is undisputed that by his treatment he forced his wife to leave their home in that county, and that she took up her residence in Allegheny County about August 2, 1928, where she has since resided; and that since August 15, 1928, the child has been in the custody of the father who has been properly maintaining and educating him. But, in view of the conclusion which we have reached, the question of jurisdiction in the present proceeding does not turn upon the question of residence of the father or the child.

The proceeding is in effect habeas corpus at the relation of the mother to have the custody of the child transferred from the father to her. The county court of Allegheny County has no general jurisdiction in habeas corpus proceedings. The jurisdiction of that court to entertain a proceeding of that nature is clearly limited by the provisions of the Act of March 19, 1915, P. L. 5, supplementing the Act of May 5, 1911, P. L. 198, which established a county court for the county of Allegheny, to "proceedings concerning dependent, delinquent, incorrigible or neglected children under the age of sixteen years, as defined by existing laws relating thereto," and to "proceedings for the custody of children, where the court has acquired jurisdiction *in matters relating to their maintenance.*" As it clearly appears that this is not

a proceeding concerning a dependent, delinquent, incorrigible or neglected child as defined by existing laws relating thereto, the first question presented is whether it is a proceeding for the custody of a child *where the court has acquired jurisdiction in a matter relating to its maintenance*. It is a fact that prior to the filing of the petition for the custody of the child the mother had brought in that court a proceeding against her husband for the maintenance of herself and the child. But it clearly appears that the maintenance of the child was not in fact involved, and that the court did not consider the subject. The order made in that case was for the support of the wife only. How then can it be held that the court had acquired jurisdiction of the matter of the child's maintenance? The words of the statute,—''has acquired jurisdiction in matters relating to their maintenance,''—involve something more than the mere bringing of a proceeding alleging failure to maintain the child. They refer to facts and not to mere allegations. We do not doubt that when the matter of the maintenance of the child is in fact before the court, or, at a later time when there is an existing order for the support of the child, or, so long as the court has retained its jurisdiction over the subject of the maintenance of the child, although no order had been made, that tribunal may control its custody. The evident purpose of the legislature in conferring on the county court jurisdiction in proceedings for the custody of children was to permit that court to determine the question of custody in connection with the question of maintenance. We do not hold that the county court must make an order for the maintenance of the child before it has jurisdiction over its custody. The bringing of a proceeding for its maintenance is sufficient to confer jurisdiction of the matter of custody, if maintenance is actually involved in the proceeding. It is immaterial in whose custody the child may be if

it is not being properly maintained. Nor does the fact that the residence of the defendant is in another county than that in which the complaint is lodged make any difference. Under the Act of 1867, supra, the court of quarter sessions has jurisdiction of a proceeding to enforce support of a wife or child without regard to where the husband resides, if he can be reached by a warrant: Com. v. Shetzline, 84 Pa. Superior Ct. 100, and cases therein cited. By the terms of the Act of 1911, supra, the county court of Allegheny County has the same jurisdiction in that county. As to its jurisdiction in procedings for the custody of children other than dependent, delinquent, incorrigible or neglected children our conclusion is that it is limited by the terms of the Act of 1915 to cases in which the matter of the maintenance of the child is or has been involved in fact. The question whether the court below had jurisdiction in the proceeding for the custody of the child is to be determined upon the facts as they existed at the time of the filing of the petition challenging the jurisdiction. Upon that state of facts it is manifest that the matter of the maintenance of the child was never involved in the proceeding for maintenance. It follows that appellant's rule to show cause why the petition should not be dismissed on the ground that the court had no jurisdiction should have been made absolute. The claimant has mistaken her remedy for obtaining possession of the child if she is entitled to it.

This conclusion renders it unnecessary for us to consider the other interesting questions raised by counsel for appellant and discussed in their brief.

The order of the court below is reversed and the petition for the custody of the child is dismissed at the cost of appellee.