Commonwealth ex rel. Remensnyder v. Remensnyder, Appellant.

Argued April 28, 1930.

156

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*M. J. Hosack*, for appellant, cited: Commonwealth v. Harry E. Gillmore, 95 Pa. Superior Ct. 557.

*M. Barney Cohen*, for appellee, cited: Commonwealth v. Reckefus, 92 Pa. Superior Ct. 117.

OPINION BY LINN, J., July 10, 1930:

This appeal is from the refusal to revoke an order requiring a father to pay $12 a week for the support of his minor daughter. She was born in August, 1912. Two years later this proceeding began in the county court on the petition of the child's mother. On February 19, 1919 after appellant was divorced, he was ordered to pay $10 a week for his daughter's support; on October 27, 1919, the amount was reduced to $8 a week, and on September 26, 1922, it was increased to $12 a week. The petition to revoke refused below, was filed April 22, 1929. The minor resides with her mother.

The grounds for revocation alleged are (1) that the minor has reached the age of 16 years, and (2) that the county court no longer has jurisdiction of the subject.

1. There is no evidence that the child is self-supporting, or not in need of support, or that the amount exceeds what appellant can reasonably afford to pay,

or what should be paid for her support. The mere fact that the child had become 16 years old does not justify revocation: Com. ex rel. Smith v. Gillmore, 95 Pa. Superior Ct. 557; 97 Pa. Superior Ct. 303; we may add that while the evidence printed in the record does not state what the minor is doing, the opinion of the court below states that she is attending high school.

2. There is no merit in the jurisdictional point. The County Court Act of May 5, 1911, P. L. 198, provides in section 6: "The court hereby created shall have jurisdiction ....... (b) In all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children; ......;" sub-section 6 (d) made that jurisdiction exclusive: see Com. v. Hopkins, 53 Pa. Superior Ct. 16, and 241 Pa. 213; Com. v. Stark, 97 Pa. Superior Ct. 41. But appellant contends that the act conferring juvenile court power on the county court controls the present proceedings and makes the order of support invalid because the juvenile court act restricts jurisdiction to proceedings involving children under sixteen years of age; "that ...... when an order was made for a minor under the age of 16 years the jurisdiction of the court ended when the child arrived at the age of 16 years." The juvenile court act has no application to this proceeding under section 6 (b) of the County Court Act. It is not a proceeding for "the treatment and control of dependent, neglected, incorrigible and delinquent children under the age of 16 years" within the juvenile court act of April 23, 1903, P. L. 274, or the amendments of March 19, 1915, P. L. 5, and May 23, 1923, P. L. 324. Appellant's daughter is not a "dependent" child as defined in the act, i. e. one "who is destitute, homeless, abandoned or dependent upon the public for support, or who has not proper parental care or guardianship," nor is she "charged with the violation

of any law ...... or ordinance .........": cf. Allegheny
Co. v. Pittsburgh, 281 Pa. 300, 303. The purposes of
the juvenile court legislation are well stated in Com.
v. Fisher, 213 Pa. 48, but it does not conflict with our
long established system of requiring parental support
for minor children in accordance with Act of 1867, P.
L. 78, or the provision to the same effect contained in
the County Court Act: section 6 (b) and (d); there
was no intention or attempt to repeal that section by
the amendments referred to: Com. v. Berardino, 96
Pa. Superior Ct. 288 and same v. same, 97 Pa. Superior Ct. 380, 385. The title and the text of the Act
of March 19, 1915, P. L. 5, as well as the amendment
of May 23, 1923, P. L. 324, disclose a purpose to do
more than vest in the county court the power of a
juvenile court theretofore exercised by the quarter
sessions; and it was in the execution of that larger
purpose, that provision was made concerning the
custody of children "where the court has acquired
jurisdiction in matters relating to maintenance;" cf.
Com. v. Stark, supra, and Com. v. Berardino, 97 Pa.
Superior Ct. 380, 383. Appellant's daughter is not,
and so far as this record shows, never has been the
subject of juvenile court proceedings. Obviously,
therefore, the Act of June 15, 1911, P. L. 959, amending the juvenile court act has likewise no application
to this case. The facts showing liability and capacity
to pay are adjudicated: Com. v. Reckefus, 92 Pa. Superior Ct. 117, 121; no reason for revocation has been
shown.

Order affirmed at costs of appellant.