Com. ex rel. Miller *v.* Miller, Appellant.

Submitted May 1, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Henry Kauffman* and with him *Louis Little,* for appellant.

*Austin L. Staley,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1931:

This is an appeal from an order of the common pleas of Allegheny County in a habeas corpus proceeding at the relation of the father of a child to have the custody of the child transferred from the mother to him. The order committed the child into the custody of a sister of the relator for the period of six months beginning April 1, 1931, and into the custody of his maternal grandparents for the period beginning October 1, 1931, and provided for the right of the parents to visit the child. The mother has appealed.

As we view the case the only question requiring our consideration is whether the court below had jurisdiction.

The father and mother were married July 26, 1925. In April, 1926, the mother brought a proceeding in the county court of Allegheny County to compel the father to contribute to her support. On July 22, 1927, that court made an order that the father pay the mother $8 per week for the support of herself and the child, who was born January 29, 1927. The father made no payments under this order. In 1931 the order was reinstated. Counsel for the respective parties have filed a stipulation that the child involved in this appeal is the same child whose maintenance was involved in the above mentioned orders in the county court. The petition for a writ of habeas corpus was filed by the father in the court below on February 10, 1931, after he had received notice of the reinstatement of the order for

support made in the county court. The Act of March 19, 1915, P. L. 5, supplementing the Act of May 5, 1911, P. L. 198, which established a county court for the County of Allegheny, provides that "said county court shall have jurisdiction in all proceedings for the custody of children, where the court has acquired jurisdiction in matters relating to their maintenance." The evident purpose of the legislature in conferring on the county court jurisdiction in proceedings for the custody of children was to permit that court to determine the question of custody in connection with the question of maintenance: Com. ex rel. Berardino v. Berardino, 97 Pa. Superior Ct. 380. In the present case the county court had not only acquired jurisdiction, but had actually exercised it. By the terms of Section 6 of the Act of 1911, supra, exclusive jurisdiction is conferred on the county court in all proceedings brought against any husband or father wherein it is charged that he has, without reasonable cause, neglected to maintain his wife or children. To us it seems clear that when the legislature passed the Supplementary Act of 1915, supra, conferring on the county court jurisdiction in all proceedings for the custody of children where the court has acquired jurisdiction in matters relating to their maintenance, it intended to make its jurisdiction as to the custody of such children equally exclusive. It would hardly be contended that if the county court had determined the question of custody in connection with the question of maintenance, the common pleas would have jurisdiction to change the disposition of the child made by the county court. In our opinion the acquiring of jurisdiction by the county court in the matter of the maintenance of the child results in giving that court exclusive jurisdiction of the matter of its custody. While the legislature did not use the word "exclusive" in conferring jurisdiction in proceedings for the custody

of children, where the court has acquired jurisdiction in a matter of maintenance, it seems to us that the intention to make such jurisdiction exclusive is necessarily implied. It follows that the court below had no jurisdiction over the custody of the child here involved. The determination of the question of custody of this child was subject matter which had been committed to the jurisdiction of another tribunal. Therefore, the order appealed from is erroneous. The petitioner went into the wrong court to seek possession of his child. It is only fair to the court below to remark, however, that the record does not show that the question of jurisdiction was raised before him. But, as jurisdiction over the subject matter cannot be conferred by consent of the parties, we are compelled to sustain appellant's contention that the common pleas had no jurisdiction.

The order is reversed and the petition is dismissed at the costs of appellee.