Commonwealth ex rel. Mees v. Mathieu, II, Appellant.

Argued September 26, 1932.

Before TREX-
LER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE,
STADTFELD and PARKER, JJ.

*W. H. Hepburn, Jr.,* for appellant.

*William T. Connor,* and with him *John R. K. Scott,*
for appellee.

OPINION BY BALDRIGE, J., November 21, 1932:
The relator, the maternal grandmother, instituted
this proceeding to procure custody of her grandchild,
J. P. Mathieu, III, aged seven years, who has been in

the possession of his father, the appellant. The mother died April 17, 1931. After a hearing, the court awarded custody of the child to the relator. Assuming the truth of the testimony that was taken, the child's best interest would seem to be subserved by awarding him to his grandmother. The difficulty that presents itself is the question of the municipal court's jurisdiction in this particular case.

On January 15, 1932, the relator petitioned the Montgomery County court for a writ of habeas corpus directed to the present respondent to obtain custody of this boy, wherein she averred her residence was in Philadelphia and that of the respondent in Montgomery County. On March 31, 1932, that petition was withdrawn. On May 12, 1932, this proceeding was instituted by the same relator in Philadelphia County, without alleging the place of residence of the respondent. The writ was served upon him while he was in Philadelphia and at a time when his son was in attendance at the Penn Charter School in that city. On May 23, 1932, an answer was filed denying the jurisdiction of the municipal court. A hearing was had immediately, and, at the inception thereof, the attorney for the respondent presented a certified copy of the proceedings in Montgomery County, above referred to, and asserted that the municipal court was without jurisdiction. The court stated: "I will bear that in mind," and then proceeded to receive testimony. On the same day, at the conclusion of the relator's testimony, a petition was presented to show cause why the proceedings should not be dismissed for lack of jurisdiction, but the court refused to grant the prayer. Under these facts, did the court have jurisdiction, and if not, did respondent waive his rights to question the jurisdiction?

It is provided under the first section of the Act of February 18, 1785, 2 Sm. L. 275 (12 PS Sec. 1871): "If

any person shall be, or stand committed or detained for any criminal or supposed criminal matter, ...... it shall and may be lawful to and for the person so committed or detained, or any one on his or her behalf, to appeal or complain to any judge of the Supreme Court, or to the president of the court of common pleas for the county within which the person is so committed or detained.'' Section 13 (12 PS Sec. 1888) provides that the provisions made for awarding and granting writs of habeas corpus, in case of commitment or detention for any criminal offense, in like manner, shall be extended to all cases where any person shall be confined or restrained of his or her liberty, under any color or pretense whatsoever. This act has been applied for many years to cases involving the custody of minors.

In our view, there was no detention in Philadelphia, where the child was in a private school during the day, returning to his father's home at night. Whatever detention or restraint may have been exercised by the respondent was at his home, not at the private educational institution where his son was attending, under arrangements made by the grandmother, who paid the tuition. In the case of People ex rel. Lubden v. Winston, 69 N. Y. Sup. 452, cited by appellee, the child, who was a resident of New York, had been awarded to the father. The following year a petition was presented to the New York court for a writ of habeas corpus. The opinion sets forth that the court had jurisdiction of the father, although it does not say how it was acquired.

In view of the testimony, we, rather regretfully, are forced to the conclusion that the court was without jurisdiction. Nor did the respondent deprive himself of the right to raise the question of the court's jurisdiction. The Act of March 5, 1925, P. L. 23 (12 PS Secs. 672, 673), provides that if, in any proceeding, the ques-

tion of jurisdiction over the defendant or of his cause of action is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; that all such preliminary proceedings shall be raised by petition setting forth the facts relied upon, etc. That act was not intended to cover all questions of jurisdiction: Wilson v. Garland, 287 Pa. 291 (135 A. 131). The Supreme Court said in the case of Wettengel v. Robinson et al., 288 Pa. 362, 368 (136 A. 673), that the right to appeal preliminarily is lost after fifteen days, whether the jurisdiction of the person or subject-matter is involved, but the failure to appeal creates a waiver only in regard to the jurisdiction of the person, as the jurisdiction of the subject-matter cannot be conferred by estoppel; but, after the fifteen days, the situation, in so far as the subject-matter is concerned, is exactly as it was before the Act of 1925. The determination of the custody of the child was the subject-matter of this dispute: Com. ex rel. Miller v. Miller, 102 Pa. Superior Ct. 323, 326 (156 A. 734). It is never too late to raise the question of jurisdiction as to the subject-matter; jurisdiction can never be given by consent: Bluestone v. DeRoy, 298 Pa. 267, 271 (148 A. 110). If we assume that the appellant had not been sufficiently diligent under the Act of 1925, which we think is not the case, nevertheless, it is not too late in this appeal, taken within the statutory period, to raise the question of jurisdiction.

The order of the court below is reversed, and the petition is dismissed at the cost of the appellee.