Opinion by
 

 Kenworthey, J.,
 

 This is an action in divorce brought by the husband on the grounds of indignities and cruel and barbarous treatment. The ease was referred to a Master, who recommended the divorce on the ground of indignities. The Court adopted the recommendation, granted the divorce and the wife has appealed.
 

 After carefully reviewing the evidence, we are satisfied that the decree should be affirmed.
 

 The parties were married in March 1918 and were reasonably congenial until 1932. In that year libellant took his family to Johnstown, Pa., in order to take over his brother’s coal business. From that time respondent maliciously meddled in his business affairs; constantly complained and nagged him about his social friends; in the presence of others, falsely accused him of immoral relations with other women, included among whom was a colored servant in their home; quarrelled with him in public, on one occasion becoming so violent that she kicked her foot through the windshield of their automobile and, on another, striking him with a lamp, causing a cut in his shoulder, which required four stitches; showed an inexcusably mean disposition toward some old friends of his whom he attempted to befriend by taking them into his home at a time when the head of the family was out of a job; complained in the presence of others about his attitude toward his home and his children; falsely accused him of scheming to leave her and the children; ridiculed his interest in such public welfare enterprises as the Community Fund; ridiculed his interest in the church; complained
 
 *182
 
 about the way be spent his money; falsely accused him of giving to his brother more than the brother’s share of the proceeds of the business; and in ways, too numerous to enumerate, showed a vindictive disposition toward him, which was the cause of extreme embarrassment. Libellant denied any provocation.
 

 Much of libellant’s testimony was corroborated, and, in fact, many of the accusations were admitted by respondent, who, in .some instances, offered an explanation which was not very convincing and, in others, none.
 

 Respondent’s conduct produced the deplorable results one would expect. Their friends were alienated; they had no social life. Their health was undermined. They were extremely unhappy whenever they were together and the place where they lived, instead of being a normal home, was little more than an arena for the conduct of incessant quarrelling and bickering, usually with their two children as spectators. The evidence clearly indicates that the fault was primarily and principally respondent’s.
 

 The decree is affirmed, the costs to be paid by appellant.