Commonwealth ex rel. Camp *v.* Camp, Appellant.

Argued September 28, 1942.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*William T. Connor,* with him *John R. K. Scott,* for appellant.

*Thomas P. Mikell,* with him *Saul, Ewing, Remick & Harrison,* for appellee.

Opinion by Kenworthey, J., December 15, 1942:

The issue between the parents of Chauncey Camp, Jr., aged ten, involves the child's custody. The petition for a writ of habeas corpus was filed by the father. The court, after hearing, awarded the child to him. Respondent appeals.

The principal question is whether the court has jurisdiction. The merits are not seriously questioned. An examination of the record, together with our familiarity with the parties obtained through their divorce case (*Camp v. Camp,* 146 Pa. Superior Ct. 180, 22 A. (2d) 86) in which we affirmed a decree on behalf of relator, convinces us that the welfare of the child will be best served by committing him to the custody of relator. The reasons for the order are amply set forth in the able and comprehensive opinion of Judge Winnet and will not be repeated here.

At the time the petition for the writ of habeas corpus was filed, relator was a resident of Maine. Respondent moved to Philadelphia in October, 1938 and brought the child with her. She resided there continuously until after the petition for writ of habeas corpus was filed on February 13, 1942. The child continued to live with her until the latter part of January, 1942, when he was sent by her to live with friends of hers in New York State. During this period and even after sending him to New York, she undoubtedly had complete control over him; she produced him at the hearing on February 11th and the only excuse for failing to produce him at the subsequent hearings was that he was ill.

Clearly the municipal court of Philadelphia had jurisdiction of the subject matter—the right to the custody of the child. The accepted rule is that juris-

diction follows either the domicile of the child, (*Com. ex rel. v. Eich*, 73 Pa. Superior Ct. 268; *State ex rel. Larson v. Larson*, 190 Minn. 489, 252 N. W. 329; Restatement, Conflict of Laws §§145, 146; or the residence of the child. *Com. ex rel. Sage v. Sage*, 160 Pa. 399, 28 A. 863; *Com. ex rel. Rogers v. Daven*, 298 Pa. 416, 148 A. 524; *In re Minor Children of Rosenthal*, 103 Pa. Superior Ct. 27, 157 A. 342. Since the parents were divorced the child acquired the domicile of respondent when he went to live with her (Restatement, Conflict of Laws §32) and sending him to live temporarily in New York under respondent's control did not effect a change of domicile whether his removal was for the purpose of defeating the court's jurisdiction or for some other purpose. *Pieretti v. Pieretti*, 13 N. J. Misc. 98, 176 A. 589; Goodrich, Conflict of Laws (1938) 358.

But the contention is that habeas corpus was not the proper proceeding because the Act of September 18, 1785, 2 Sm. L. 275 §1 and §13, 12 PS 1871 and 1888, gives that remedy only to the court of a county within which the child is confined or restrained and that, in order to meet the requirements of the act, the physical presence of the child at the time the petition for the writ was filed was essential.

We had occasion to point out in *Com. ex rel. Burton v. Baldi*, 147 Pa. Superior Ct. 193, 24 A. (2d) 76, that the Habeas Corpus Act, though it applies to private restraints, confers jurisdiction only on a Justice of the Supreme Court or a judge of the common pleas. It has no express application to the municipal court. Cf. *Com. ex rel. v. Berardino*, 97 Pa. Superior Ct. 380. This does not mean that the municipal court may never issue appropriate writs of habeas corpus. Since the municipal court has been given exclusive jurisdiction in all proceedings for the custody of children, it has the *implied* power to issue writs of habeas corpus in such cases. *Com. ex rel. Burton v. Baldi*, supra. And

it may be that the limitations of jurisdiction imposed by the Habeas Corpus Act should be applied to such writs issued by the municipal court in custody cases. See *Com. ex rel. Mees v. Mathieu*, 107 Pa. Superior Ct. 261, 163 A. 109.

But whether in the instant case there was sufficient restraint in Philadelphia County to satisfy the requirements of a habeas corpus proceeding we need not now decide [1] because, for reasons we shall presently point out, we think respondent has waived the right to object to the manner in which she was brought into court. A brief recital of the history of the proceedings will demonstrate why.

On September 25, 1941 respondent instituted criminal proceedings for non-support under the Act of March 13, 1903, P. L. 26, §2 as amended by the Penal Code, Act of June 24, 1939, P. L. 872, §731, 18 PS 4731. Relator was extradited from the State of Tennessee; he appeared on February 6, 1942 and entered bail in the amount of $1,000. The case was heard on February 11, 1942 before Judge SHMIDHEISER, at which time relator contended that the custody of the child should be awarded to him. The court suggested he file a petition for writ of habeas corpus to test the question. Pending the separate determination of this question, the court made a temporary support order of $4 per week. Respondent was present and represented by counsel who acquiesced in this procedure; the petition was filed two days later. Respondent and counsel again appeared in court February 27, March 27, April 7 and May 1, 1942. The first objection to the procedure was made at the final hearing on May 4, 1942.

As President Judge KELLER pointed out in *In re Susquehanna County Auditor's Report*, 123 Pa. Su-

---

[1] In this connection see *Com. ex rel. Lowry v. Reed*, 59 Pa. 425, and *Com. ex rel. Thornley v. The Friends Home for Children*, 7 Dist. 653.

perior Ct. 195, 202, 187 A. 78, 81: "The rule that consent cannot give jurisdiction applies only to jurisdiction of the cause of action or subject matter, not to jurisdiction of the person, or jurisdiction based on matters of procedure. As to the latter classes, defects can always be waived by the party."

In *Com. ex rel. Mees v. Mathieu*, 107 Pa. Superior Ct. 261, 163 A. 109, relied on by respondent, the court had no jurisdiction of the subject matter because respondent (the father) was not a resident of Philadelphia County where the action was brought, and we held the child was not "detained" in Philadelphia because he was there merely during school hours. We pointed out that "whatever detention or restraint may have been exercised by the respondent was at his home" in Montgomery County. If any inference is to be drawn from the decision, it is that the action should have been brought in that county where respondent resided, which in the present case would support the position of the relator, not respondent.

The order is affirmed.