Commonwealth ex rel. Conley *v.* Conley, Appellant.

Argued April 16, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Allen N. Brunwasser,* for appellant.

*Marjorie Hanson Matson,* for appellee.

OPINION BY ERVIN, J., June 10, 1959:

This is an appeal contesting the jurisdiction of the Common Pleas Court of Allegheny County of the subject matter of a habeas corpus action for the custody of a child, under the Act of March 5, 1925, P.L. 23, 12 PS §672 et seq.

On January 4, 1959 Annamae Conley was awarded custody of her minor daughter, Maureen Conley, by the Common Pleas Court of Allegheny County in habeas corpus proceedings against Domenic and Anne DePalma, the child's paternal uncle and aunt. Shortly thereafter the present proceedings were brought by the child's father, Patrick Conley, to protect his visitation rights. After entry of the action but previous to the hearing in the visitation proceeding, Annamae Conley instituted an action for support of Maureen Conley against Patrick Conley in the County Court of Allegheny County. Annamae Conley then filed a petition in the common pleas court to quash the above mentioned visitation proceeding on the ground that the county court "has exclusive jurisdiction of custody once a proceeding for maintenance of the child involved is brought in that court." The common pleas court refused to quash the proceedings and Annamae Conley took this appeal.

Appellee concedes that the county court would have had exclusive jurisdiction to determine the question of

custody of the minor child here involved had the support proceedings been instituted in that court prior to the filing of the common pleas action of habeas corpus. In *Com. ex rel. Miller v. Miller,* 102 Pa. Superior Ct. 323, 156 A. 734, we reversed the order of the Common Pleas Court of Allegheny County which held that it had jurisdiction to determine custody even though a support proceeding was pending in the county court. In referring to the Acts of May 5, 1911, P. L. 198 and March 19, 1915, P. L. 5, as amended, 17 PS §§625, 626, 653-655, we said, at page 325: "By the terms of Section 6 of the Act of 1911, supra, exclusive jurisdiction is conferred on the county court in all proceedings brought against any husband or father wherein it is charged that he has, without reasonable cause, neglected to maintain his wife or children. To us it seems clear that when the legislature passed the Supplementary Act of 1915, supra, conferring on the county court jurisdiction in all proceedings for the custody of children where the court has acquired jurisdiction in matters relating to their maintenance, it intended to make its jurisdiction as to the custody of such children equally exclusive."

In *Com. ex rel. Berardino v. Berardino,* 97 Pa. Superior Ct. 380, the child and father were not in Allegheny County but had for some period of time resided in the County of Westmoreland, where the child was being supported and educated by the father. In reversing the county court we dismissed the petition for custody of the child. That case is not in point so far as the present proceedings are concerned because no proceedings for custody had been instituted in a common pleas court prior to the institution of support proceedings in the county court.

The County Court of Allegheny County is unique. Unlike the Municipal Court of Philadelphia County, it has no general equity powers and its habeas corpus

jurisdiction is specifically limited to those cases in which it has first acquired jurisdiction over the question of support for the child whose custody is involved: *Kemnitzer v. Kemnitzer*, 335 Pa. 105, 111, 6 A. 2d 571.

In *Com. ex rel. Stark v. Stark*, 97 Pa. Superior Ct. 41, we had before us a question very similar to the one in the present case. In that case the mother secured custody of the minor child in a habeas corpus proceedings in the common pleas court. That court also, at a later date, granted visitation rights to the father. Thereafter the mother sought support for the child by an action in the county court. The father attempted to prevent the entry of a support order by demanding custody in the county court proceedings. That court refused to consider the custody question, on the ground that this matter had already been determined by the common pleas court. On appeal we affirmed and said, at page 47: "The common pleas having taken jurisdiction over the question of custody retains it and this appellant may there raise, at an appropriate time and in a proper manner, the question he sought to raise in the county court. On the other hand, the county court clearly had the jurisdiction formerly vested in the quarter sessions relative to the maintenance of the child." The fact that a final order determining custody had been made in the *Stark* case whereas here the case was awaiting hearing in the common pleas court does not change the principle: *Com. ex rel. Piper v. Edberg*, 150 Pa. Superior Ct. 378, 28 A. 2d 460. In the present case, at the time of the institution of the habeas corpus action, the common pleas court alone had jurisdiction over the custody of the minor child. Anything which happened after the institution of that action could not affect the jurisdiction of the common pleas court. In *Upholsterers' International Union v. United Furniture Workers, C.I.O.*, 356 Pa. 469, 474, 52 A. 2d 217, Mr.

Justice, now Chief Justice, JONES aptly said: "If the court's jurisdiction existed then, and we think it did, procedurally it could not be made to vanish by what the defendant union subsequently did." See also *Trees v. Glenn,* 319 Pa. 487, 181 A. 579.

Where one court has acquired jurisdiction over the custody question, the orderly processes of law require that no other court should re-examine the question except on appeal.

Order affirmed.