Commonwealth ex rel. Fox *v.* Fox, Appellant.

Argued June 18, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*John L. Laubach, Jr.,* with him *Kenney, Stevens, Hill & Clark,* for appellant.

*Edna L. Fischer,* with her *Arnold D. Wilner, J. Craig Kuhn,* and *Wilner, Wilner and Kuhn,* for appellee.

OPINION BY ERVIN, P. J., September 16, 1965:

This appeal involves the custody of two minor children given to the mother by a decree of the Court of Common Pleas of Allegheny County, dated April 8, 1965, with certain visitation privileges given to the father.

The case in the Common Pleas Court was instituted by the filing of a petition on February 3, 1965. Prior thereto, on December 19, 1962, the wife had filed a proceeding in the County Court of Allegheny County against her husband for the support of herself and her three minor children. On January 4, 1963 a consent order was entered in the County Court under which the father was required to pay $450.00 per month for the support of his wife and three minor children, including the two whose custody is the subject in this present action. In July 1963 a petition for an order permitting visitation was filed by the father in the County Court but did not come to hearing because it was disposed of by an agreement between the parties. Support payments were paid in full by the father through January of 1965.

Under these facts we are of the opinion that the County Court of Allegheny County had exclusive jurisdiction to determine the custody of these two minor children. The case is controlled by *Com. ex rel. Miller v. Miller,* 102 Pa. Superior Ct. 323, 156 A. 734. In

that case we said: "The Act of March 19, 1915, P. L. 5 [17 PS §653], supplementing the Act of May 5, 1911, P. L. 198, which established a county court for the County of Allegheny, provides that 'said county court shall have jurisdiction in all proceedings for the custody of children, where the court has acquired jurisdiction in matters relating to their maintenance.' The evident purpose of the legislature in conferring on the county court jurisdiction in proceedings for the custody of children was to permit that court to determine the question of custody in connection with the question of maintenance: Com. ex rel. Berardino v. Berardino, 97 Pa. Superior Ct. 380. In the present case the county court had not only acquired jurisdiction, but had actually exercised it. By the terms of Section 6 of the Act of 1911, supra, exclusive jurisdiction is conferred on the county court in all proceedings brought against any husband or father wherein it is charged that he has, without reasonable cause, neglected to maintain his wife or children. To us it seems clear that when the legislature passed the Supplementary Act of 1915, supra, conferring on the county court jurisdiction in all proceedings for the custody of children where the court has acquired jurisdiction in matters relating to their maintenance, it intended to make its jurisdiction as to the custody of such children equally exclusive. It would hardly be contended that if the county court had determined the question of custody in connection with the question of maintenance, the common pleas would have jurisdiction to change the disposition of the child made by the county court. In our opinion the acquiring of jurisdiction by the county court in the matter of the maintenance of the child results in giving that court exclusive jurisdiction of the matter of its custody. While the legislature did not use the word 'exclusive' in conferring jurisdiction in proceedings for the custody of children,

where the court has acquired jurisdiction in a matter of maintenance, it seems to us that the intention to make such jurisdiction exclusive is necessarily implied. It follows that the court below had no jurisdiction over the custody of the child here involved. The determination of the question of custody of this child was subject matter which had been committed to the jurisdiction of another tribunal. Therefore, the order appealed from is erroneous." See also *Com. ex rel. Berardino v. Berardino,* 97 Pa. Superior Ct. 380; *Com. ex rel. Conley v. Conley,* 189 Pa. Superior Ct. 611, 152 A. 2d 282.

The mere fact that the county court entered a consent decree is immaterial. The institution of the support proceeding gave the county court jurisdiction. Had the father not consented to a decree, the court would have undoubtedly entered a decree for the support of the children anyway.

The opinion in *Miller* was filed on July 8, 1931 and the legislature has never seen fit to alter the Act of 1915 as to this jurisdictional question. We may assume, therefore, that the legislature is in accord with the construction which our Court placed upon the Act of 1915 thirty-four years ago.

The disposition of the case on the jurisdictional question makes it unnecessary to consider the other questions raised on this appeal.

Order reversed.