**UNITED STATES of America ex rel. Kenneth YOUNG, a minor aged 17 by his mother, Frances Young, as next friend**

**v.**

**Arthur PRASSE, Superintendent of the Bureau of Correction, Commonwealth of Pennsylvania**

**and**

**David Snare, Superintendent of the State Correctional Institution at Camp Hill.**

Misc. No. 3435.

United States District Court
E. D. Pennsylvania.

Jan. 25, 1967.

Lois Forer, Almanina Barbour, and Ronald M. McCaskill, Community Legal Services, Inc., Philadelphia, Pa., for relator.

Frank P. Lawley, Deputy Atty. Gen., Harrisburg, Pa., Charles A. Haddad, Asst. Dist. Atty., Philadelphia, Pa., for respondents.

MEMORANDUM SUR PETITION FOR WRIT OF HABEAS CORPUS

VAN DUSEN, District Judge.

This Petition for Writ of Habeas Corpus seeks the release of a minor who has been committed to the Pennsylvania Correctional Institution at Camp Hill.

In order to expedite the presentation of the claims of the relator, the undersigned held a preliminary hearing on January 13, 1967, in an effort to determine whether the relator exhausted all available

State remedies in accordance with 28 U.S.C. § 2254. An extremely able argument was presented by counsel for relator, Mrs. Lois Forer, and her excellent brief has been filed as Document 5. The able brief filed by the District Attorney of Philadelphia on behalf of the Commonwealth of Pennsylvania also has been filed as Document 6.

The undersigned believes that the relator should first present his claims to the State Court for these reasons:

A. The able counsel for relator conceded at the above hearing that the State Courts apparently had jurisdiction to issue a writ of habeas corpus in favor of a minor relator in view of State statutes such as 12 P.S.Pa. § 1888. The County Court can entertain petitions for writs of habeas corpus in such cases. See Com. ex rel. Camp v. Camp, 150 Pa.Super. 649, 651, 29 A.2d 363 (1942). Counsel for relator also conceded that petitions for writs of habeas corpus filed on behalf of minors had been granted by the Courts of Common Pleas of Philadelphia County. See Com. ex rel. McKendrick v. Lyons, C.P. No. 8, September Term 1966, HC–98, Order of 10/3/66 by Judge Levin; Com. ex rel. Geigere v. Lyons, C.P. No. 1, September Term 1966, HC–101, Order of 10/10/66 by Judge Spaeth. An examination of the Petition for Writ of Prohibition and/or Mandamus filed in the Supreme Court of Pennsylvania and the Answer to that Petition in McKendrick v. Wright (No. 71 M.D. No. 15—MP 7806) indicates that the Pennsylvania Supreme Court refused to order Judge Wright to release McKendrick in accordance with the order of Judge Levin of 10/3/66 because Judge Levin had made it clear that his order was not intended to interfere with such subsequent proceedings as may be had according to law in the Juvenile Division of the County Court and, further, that the relator had had a hearing before Judge Wright prior to the 10/12/66 order of the Pennsylvania Supreme Court in the above case, dismissing the Petition for Writ of Prohibition and/or Mandamus, so that the relator was then confined under Judge Wright's order and the subject matter of the Petion in the Supreme Court was moot. It is true that the Philadelphia Common Pleas Courts have been reluctant to issue writs of habeas corpus in juvenile cases,[1] but there has been no showing of any such reluctance on the part of the County Court. If the relator wishes to attack the 1965 proceedings in the County Court (see part a of paragraph 11 of Petition), he should promptly file a petition for a writ of habeas corpus in the County Court so that it may be part of the subject matter of the proceedings at the time of any hearing scheduled in accordance with the request contained in the attached letter of January 19, 1967.

B. The reasons stated in support of the Petition for a Writ of Habeas Corpus involve important questions of State law concerning State public policy, on which the courts of Pennsylvania should have an opportunity to express their views, including points (b) and (c) in the answer to question 11 of the Petition:

"(b) Petitioner's confinement is in violation of the Act of March 2, 1867, Chapter 187, Section 1, 14 Stat. 546, abolishing peonage in that petitioner is compelled to spend the major part of each day at labor in a penitentiary, under the aegis of the Department of Justice of the Commonwealth of Pennsylvania, and is paid $.10 or $.15 per hour for this labor which is utilized to produce furniture which is sold by the institution.

"(c) Petitioner, is denied the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States because, although he is only 17 years old and has not been graduated from public school, he is compelled to labor all day and is deprived of his right to attend

---

1. See Commonwealth ex rel. Singer v. Perkins, C. P. Phila., Dec. Term 1966, HC–142, Order of 1/16/67 by Judge Reed. See, also, Orders of Judges Barbieri and Bradley referred to in the attached letter of 1/17/67 from Community Legal Services, Inc.

the equivalent of a public high school during the day."

C. Because of the desirability of securing a current evaluation of the relator in order to properly determine the many contentions made in the above Petition for a Writ of Habeas Corpus, the undersigned has requested the President Judge of the County Court to schedule a rehearing for the relator under 11 P.S.Pa. § 258. See attached letter of January 19, 1967. Such hearing is being scheduled before the Honorable Clifford Scott Green, Senior Judge of the Juvenile Division.

Under the foregoing circumstances, no hearing will be scheduled on the Petition filed in this case until the results of the hearing being scheduled in the County Court are known. Also, it is suggested that an appeal be filed from any order entered after such hearing, if the relator wishes to challenge such order. However, application may be made to the assigned judge for further action in this case at any time that the relator considers the circumstances warrant such application in the light of the views expressed above.