**Gary KELLY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (US AIRWAYS GROUP, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 6, 2007.
Decided Oct. 26, 2007.

Lawrence R. Chaban, Pittsburgh, for petitioner.

Christian M. Stein, Pittsburgh, for respondent.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, SIMPSON, Judge, LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Gary Kelly (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming a decision by the Workers' Compensation Judge (WCJ) concluding that US Airways Group, Inc. (Employer) was entitled to a credit against the workers' compensation benefits payable to him because the furlough benefits he concurrently received constituted "severance benefits" under Section 204(a) of the Workers' Compensation Act (Act), 77 P.S. § 71.[1]

The undisputed facts in this case are as follows. Claimant was a fleet service agent employed by Employer to work in its catering department. On September 20, 2004, he sustained a work-related injury when he slipped and hurt his right knee and leg, and on November 8, 2004, he filed a claim petition seeking partial disability benefits for the period of September 20, 2004, through November 7, 2004, and total disability benefits thereafter. The same day that Claimant filed his claim petition, Employer furloughed Claimant, but indicated that he would possibly be recalled to work. Pursuant to the terms of the collective bargaining agreement (CBA) between Claimant's union and Employer,[2] Claimant

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71.

2. Article 10 of the CBA provides, in relevant part:
   A. Furlough Allowance
   1. Furlough allowance is paid to employees who are furloughed as a result of a reduction-in-force and for no other reason
   . . .

2. Full-time employees who have completed two (2) or more years of service, based on hire date, on the date of furloughed will receive furlough allowance at the rate of one (1) week's pay for each completed year of service, up to a maximum of fifteen (15) weeks. A week of furlough allowance is computed on the basis of the employee's base straight time hourly

began receiving a furlough allowance. He was recalled to work with Employer on a part-time basis on March 21, 2005.

Because Employer originally denied that Claimant was disabled due to his work injury, his claim petition was assigned to a WCJ. The Employer agreed that Claimant was entitled to partial disability benefits from September 20, 2004, to November 16, 2004, only arguing that it was entitled to a credit against Claimant's partial disability benefits paid from November 8, 2004, through November 16, 2004, because he had received "furlough benefits" which constituted "severance benefits" within the meaning of Section 204(a) of the Act. That provision states, in relevant part:

> The severance benefits paid by the employer directly liable for the payment of compensation ... which are received by an employe shall also be credited against the amount of the award made under sections 108 and 306, except for benefits payable under 306(c).

Claimant disagreed with Employer's interpretation of that provision that the furlough allowance was the same as severance benefits because he was not permanently separated from his employment. After a hearing,[3] the WCJ found that Claimant's furlough allowance was a severance benefit as contemplated by Section 204(a) of the Act and granted Employer a credit against the workers' compensation benefits he had received for the week in question. In doing so, the WCJ relied on the definition of "severance benefit" at 34 Pa.Code. § 123.2 which defined the term as "a benefit which is taxable to the employee and paid as a result of the employee's separation from employment by the employer liable for the payment of workers' compensation" and reasoned that no requirement existed in the Act or regulations that Claimant's separation from employment be permanent in order for the allowance to be considered severance benefits subject to being credited. Claimant appealed to the Board,[4] which affirmed, and this appeal followed.[5]

---

rate at the time of furlough, multiplied by forty (40) hours.

\* \* \*

4. Furlough allowance is paid in successive pay periods immediately following the effective date of the furlough until the employee has returned to work or the entitlement is exhausted, whichever occurs first. (Reproduced Record at 94a.)

3. At the hearing, Employer offered the testimony of John Cerilli (Cerilli), a labor and employment law attorney, who stated that within the labor and employment law setting, the term "severance benefit" pertained to "any benefit that [was] paid to an employee because of a wage loss, because they were separated from employment for one of a number of reasons, such as termination, reduction in force, layoff, plant closing, and so forth." (Reproduced Record at 65a.) He rejected the notion that an employee received severance benefits only when he had been permanently separated from his employment and explained that the circumstances under which severance benefits were paid were dependant

upon the terms of a CBA between an employer and a union. He further stated that most CBAs provided for the payment of severance benefits, although an employee could still retain his seniority rights and would be subject to recall for a designated period after his separation from employment. Cerilli testified that Article 10's furlough benefits were intended to be severance benefits. A copy of Claimant's wage records was also introduced reflecting the furlough benefits and denoted them as "SEV PAY."

4. Both the Board and the WCJ rejected Claimant's alternative argument that the plain language of Section 204(a) of the Act limited the credit from severance benefits received to instances where a worker received occupational disease benefits in addition to indemnity benefits.

5. Our scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was com-

Claimant argues that the Board erred in concluding that Employer was entitled to a credit against his workers' compensation benefits because an employee receives "severance benefits" only when he is severed or permanently separated from employment. In contrast, he contends that the furlough allowance he received was provided for a non-permanent separation from employment, and because Employer never dissolved the employment relationship, that allowance does not constitute creditable severance benefits under Section 204(a) of the Act. We agree.

While a severance benefit is one paid to an employee who "separates from employment for any reason," *Hulmes v. Workers' Compensation Appeal Board (Rite Aid Corporation)*, 811 A.2d 1126, 1129 (Pa.Cmwlth.2002), when an employee is furloughed, he or she is not separated from employment. A "furlough" from employment is unlike a "severance" from employment in that it is considered to be much different than an end, i.e., a severing of employment. For example, a soldier who is furloughed would be surprised to learn that he or she had been discharged from the service. Similarly, when an employee's employment is severed, it is done so forever, but when an employee is furloughed, the relationship is maintained but held in abeyance due to an employer's lack of work or financial resources. The employee retains the prospect of resuming his previous obligations with the employer (although sometimes to different degrees) at a future date, and, much like Claimant's seniority is unaffected. Just as Claimant's

furlough did not sever his relationship with Employer, his furlough allowance was not paid as compensation for a separation from his employment.

We recognize that the General Assembly might have wished to expand the scope of what was credited against benefits to include a furlough allowance. However, it has instructed us that in interpreting statutes, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). If we were to conclude that the furlough allowances constitute severance benefits, we would inevitably be expanding the scope of Section 204(a) of the Act to include a form of benefits that do not fall within the common and ordinary definition of what "severance benefits" are. Moreover, items that are omitted from a statute cannot be included if omitted, and a furlough allowance cannot be included under the guise that it is a severance benefit as used in Section 204(a). *Chiconella v. Workers' Compensation Appeal Board (Century Steel Erectors, Inc.)*, 845 A.2d 932 (Pa.Cmwlth.2004) (definition of "insurer" in Section 401 of the Act did not include the Subsequent Injury Fund, and it was not within the Court's province to expand the definition to contemplate its inclusion). As a result, Employer is not entitled to a credit against Claimant's workers' compensation award for furlough benefits received when Claimant was expected to and did, in fact, return to work.[6]

Accordingly, the order of the Board is reversed.

mitted, or whether constitutional rights were violated. *Schemmer v. Workers' Compensation Appeal Board (U.S.Steel)*, 833 A.2d 276 (Pa.Cmwlth.2003).

6. Claimant has also argued, as he did before the Board, that Employer is not entitled to a credit against his workers' compensation

award because he did not receive occupational disease benefits in addition to his indemnity benefits as required by the plain language of Section 204(a). Because of the way we have resolved his first argument, we need not address this issue.

## ORDER

AND NOW, this *26th* day of *October*, 2007, the order of the Workers' Compensation Appeal Board, No. A05–2857, is reversed.

## DISSENTING OPINION BY Judge LEAVITT.

I respectfully dissent from the majority's holding that a "severance benefit" under Section 204(a) of the Workers' Compensation Act (Act), 77 P.S. § 71(a),[1] is a type of benefit paid only where the employee's severance is permanent. This narrow reading of "severance" is without authority in the language of the Act or in the regulation implementing Section 204(a). Most significantly, by allowing Claimant to recover double benefits for a single wage loss, the majority defies the purpose of Section 204(a) as it was defined by our Supreme Court in *Kramer v. Workers' Compensation Appeal Board (Rite Aid Corp.)*, 584 Pa. 309, 883 A.2d 518 (2005).

Claimant was a fleet service agent employed in the catering department of U.S. Airways Group, Inc. (Employer) and sustained a work-related injury to his right knee and leg on September 20, 2004. He sought partial disability benefits for the period September 20, 2004, through November 7, 2004. Claimant was furloughed from his position on November 8, 2004, with the possibility of recall,[2] and immediately began receiving a furlough allowance pursuant to the terms of a collective bargaining agreement between his union and Employer. The narrow issue in this case is whether the furlough allowance Employer paid to Claimant beginning on November 8, 2004, was a "severance benefit" under Section 204(a) of the Act, 77 P.S. § 71, that Employer could use to offset its workers' compensation disability payments to Claimant.

The WCJ concluded that Employer was entitled to a credit for the furlough allowance, rejecting the argument that Claimant's separation had to be permanent in order for Employer to use the statutory credit. In doing so, the WCJ considered the express language of Section 204(a) as well as the definition of "severance benefit" at 34 Pa.Code § 123.2. He concluded that all that matters is that "the benefit was paid as a result of an employee's separation from employment." WCJ Opinion at 5. The Board agreed with the WCJ, and I do as well.

I begin with a review of Section 204, which, initially, was narrow in scope. It allowed an employer to take a credit only for unemployment compensation benefits, and only against occupational disease awards.[3] In 1993, the legislature expanded the class of workers' compensation benefits subject to the credit to include any partial or total disability award, not just one occasioned by occupational disease.[4] However, the credit still applied only to unemployment compensation benefits.

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71.

**2.** Employer eventually recalled Claimant to a part-time position on March 21, 2005.

**3.** Former Section 204 stated, in pertinent part: "Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of section 108." Section 204 of the Act, 77 P.S. § 71(a), *amended by* the Act of July 2, 1993, P.L. 190, § 4.

**4.** Specifically, the 1993 amendment granted employers a credit against unemployment compensation benefits for an "award made under the provisions of sections 108 *and 306, except for benefits payable under section 306(c) or 307.*" Act of July 2, 1993, P.L. 190, § 4 (emphasis added).

This changed in 1996 when amendments created the current version of Section 204(a). Now an employer may take a credit against disability payments for Social Security, severance and pension benefits, as well as unemployment compensation benefits. Act of June 24, 1996, P.L. 350, § 3.

The foregoing history demonstrates the legislature's intent to enlarge the scope of an employer's right to an offset under Section 204(a). The majority frustrates that objective by concluding, without citation to any authority, that a furlough allowance is not a "severance benefit" because (1) a severance from employment must be permanent and (2) a furlough is temporary. The commonly accepted definition of "sever" is actually quite different than the majority suggests. It means, *inter alia,* "to put asunder [or] part," or "to disjoin or disunite from one another." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2080 (2002). Nowhere in the definition of "sever" will one find the word "permanent" or a synonym thereof.

Although the Act does not define the term "severance," the term "severance benefit" is defined in the Department of Labor and Industry's regulation interpreting Section 204(a) of the Act. The Department defines a "severance benefit" as

*[a] benefit which is taxable to the employe and paid as a result of the employe's separation from employment* by the employer liable for the payment of workers' compensation, including benefits in the form of tangible property. The term does not include payments received by the employe based on un-

used vacation or sick leave or otherwise earned income.

34 Pa.Code § 123.2 (emphasis added). I agree with the Board that Claimant's furlough allowance fits within the above definition. It was, quite simply, a "benefit taxable to [Claimant], and paid as a result of his separation from employment." Id. The regulation does not state that the separation from employment must be "permanent," and the majority has erred by adding that word to the regulation.[5]

Further, the majority does not address the Board's persuasive analysis of the Section 204(a) credit. As the Board aptly noted, an employee need not be permanently separated from employment to receive unemployment compensation benefits. It follows, therefore, that allowing an employer a credit for a "severance benefit" does not turn on whether the benefit was paid for a temporary or permanent loss of wages.

I believe that affirming the Board is compelled by our Supreme Court's decision in *Kramer v. Workers' Compensation Appeal Board (Rite Aid Corp.),* 584 Pa. 309, 883 A.2d 518 (2005), a case not even mentioned by the majority. In *Kramer,* a claimant returned to work following a period of disability and was subsequently laid off after her employer relocated its facility to Maryland. Workers' compensation benefits were reinstated. Claimant also received a severance check in the amount of $3,355.02 pursuant to the terms of the collective bargaining agreement her union had negotiated with employer. Reversing this Court, the Supreme Court held that under Section 204(a) of the Act, the employer was entitled to a credit against

---

**5.** The majority's holding is contrary to at least one published decision of this Court noting that a "[s]everance is a taxable benefit paid to an employee who separates from employment *for any reason." Hulmes v. Workers' Compen-*

*sation Appeal Board (Rite Aid Corp.),* 811 A.2d 1126, 1129, n. 5 (Pa.Cmwlth.2002) (emphasis added) (wherein we construed 34 Pa.Code § 123.2).

compensation benefits in the amount of claimant's severance payment. The dispositive issue in *Kramer* was whether the credit in Section 204(a) of the Act applied to self-insured employers or only to insured employers.[6] However, the Supreme Court offered a definitive analysis of the scope and meaning of Section 204(a) that must be considered binding here.

In reviewing the purpose of Section 204(a), the Court explained as follows:

> [W]hile offering the prospect of certain recovery to workers irrespective of fault on the part of their employers, the Act also offers employers relative cost-certainty in the form of limited exposure in the event of a work injury.

*Id.* at 337, 883 A.2d at 535. The Court rejected the claimant's argument that workers' compensation benefits and severance benefits are intended to compensate different losses. The Court reasoned:

> *The worker experiences only one loss of earnings at a time,* even if there is a prospect of compensation for that loss from multiple sources. The offset does not disadvantage the injured worker *vis a vis* his uninjured colleagues who also receive severance benefits because those workers do not receive a double benefit, in the form of workers' compensation payments, from the employer. Because the employment relationship is the basis for providing both severance payments and workers' compensation benefits ... *the employer can avoid paying duplicate benefits for the same loss of earnings by using the offset.*

*Id.* at 338, 883 A.2d at 535 (emphasis added).

Here, Claimant has experienced "one loss of earnings," and Employer must compensate that loss. Under *Kramer,* Employer is relieved of having to pay twice for the same loss of earnings by using the Section 204(a) offset. It is simply of no moment that Claimant was not permanently separated from his employment; Employer's interest in not paying double benefits for a single loss is the same.[7]

---

6. In *Kramer,* the Supreme Court considered (1) whether Section 204(a) of the Act allows all employers, or only self-insured employers, to take an offset against a claimant's workers' compensation benefits in the amount of a severance payment to the claimant; and (2) whether such an offset violates equal protection considerations under the Pennsylvania and United States Constitutions since non-injured employees are able to retain their full severance benefit upon layoff. The Court held that all employers may seek an offset of severance payments against workers' compensation benefits, regardless of whether the employer is self-insured or privately insured. *Kramer,* 584 Pa. at 330, 883 A.2d at 530. The Court also held that Section 204(a) applies equally to all individuals receiving workers' compensation benefits. *Id.* at 333, 883 A.2d at 532. The Court further observed that Section 204(a) is reasonably related to a legitimate state interest in reducing the cost of workers' compensation benefits in Pennsylvania, thereby passing equal protection scrutiny under the rational basis test. *Id.* at 338, 883 A.2d at 536.

7. Claimant raises an additional issue on appeal, asserting that the credit in Section 204(a) is available to an employer only if the employee is receiving occupational disease benefits. Claimant argues that because Section 204(a) states that an employer is entitled to a credit for severance benefits "against the amount of the award made under sections 108 *and* 306, except for benefits payable under section 306(c)," 77 P.S. § 71(a) (emphasis added), the offset is limited to those claimants receiving occupational disease benefits. I agree with the WCJ and the Board that this argument is devoid of merit. This is a case where "and" in this context means "or." *Readinger v. Workers' Compensation Appeal Board (Epler Masonry),* 855 A.2d 952, 956 (Pa.Cmwlth.2004) (quoting *Appeal of Martin,* 33 Pa.Cmwlth. 303, 381 A.2d 1321, 1322 (1978)). Interpreting "and" as "or" in this context means that the offset is applicable to benefits received under both Sections 108 and

In sum, to limit the offset to a benefit paid only where the separation from employment is permanent frustrates the purpose of Section 204(a), which is to relieve an employer from having to pay two times for a single wage loss. The majority's construction ignores the commonly accepted definition of "severance;" disregards the Department's regulations; and departs from our Supreme Court's teaching in *Kramer*.

I would affirm the Board.

President Judge LEADBETTER joins in this dissent.

306, whether simultaneous or not, but it is not applicable to specific loss benefits received under Section 306(c). I would conclude that the legislature, by using the word "and," intended to make the offset applicable to both sections while emphasizing the exclusion of Section 306(c). Otherwise, the statute is absurd.