**Karen MOSLEY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PITTSBURGH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 2007.

Decided Nov. 30, 2007.

Lawrence R. Chaban, Pittsburgh, for petitioner.

Dale A. Cable, Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Karen Mosley (Claimant) petitions for review of the May 30, 2007, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to deny Claimant's Review Benefit Offset Petition (Petition). We also affirm.

On July 19, 2002, Claimant suffered a work-related injury, and the City of Pittsburgh (Employer) accepted liability by way of a notice of compensation payable. On August 12, 2005, Employer filed a Notice of Workers' Compensation Benefit Offset, seeking an offset against Claimant's workers' compensation for pension benefits that Claimant was receiving. Employer claimed the offset pursuant to section 204(a) of the Workers' Compensation Act[1] (Act), which, in relevant part, provides:

> The severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(a).

the amount of the award made under *sections 108 **and** 306,* except for benefits payable under section 306(c).[2]

77 P.S. § 71(a) (emphasis added).

On September 19, 2005, Claimant filed her Petition, which, by stipulation of the parties, presented a single issue: whether Employer is entitled to a pension benefit offset where Claimant is not suffering from an occupational disease.[3] (WCJ's Findings of Fact, No. 1.) Before the WCJ, Claimant asserted that because section 204(a) of the Act states that an employer is entitled to a credit for pension plan benefits "against the amount of the award made under sections 108 [occupational disease] *and* 306 [total and partial disability benefits], except for benefits payable under section 306(c) [specific loss]," 77 P.S. § 71(a) (emphasis added), the offset is available to an employer *only* if the employee is receiving indemnity benefits for an occupational disease.

By decision dated August 22, 2006, the WCJ rejected Claimant's argument as

nonsensical and denied Claimant's Petition.[4] Claimant appealed to the WCAB, which affirmed, agreeing that "Claimant's interpretation of the Act is absurd." (WCAB's op. at 5.) Claimant now petitions this court for review.[5]

Claimant maintains that Employer is not entitled to take a credit against her workers' compensation because Claimant is not receiving benefits for an occupational disease as required by the clear and unambiguous language of section 204(a) of the Act, which applies to awards made under sections 108 *and* 306. According to Claimant, the use of the word "and" in this phrase requires that a claimant be receiving compensation for an occupational disease before an employer may claim an offset.[6]

Claimant correctly observes that the word "and" normally acts as a conjunctive, meaning "in addition to," "also" or "as well as." Webster's Third New International Dictionary 80 (1993). However, it is beyond peradventure that the object of inter-

2. Section 108 of the Act, 77 P.S. § 27.1, lists those diseases that fall within the definition of "occupational disease" as used in the Act. Sections 306(a) and 306(b) of the Act, 77 P.S. §§ 511 and 512, set forth schedules of compensation for total and partial disability, respectively. Section 306(c) of the Act, 77 P.S. § 513, establishes the benefit rates for specific loss injuries.

3. The parties entered an agreement setting forth the amount of the offset and the manner in which credits would be taken. However, the agreement reserved Claimant's right to challenge Employer's entitlement to the offset based on the language of section 204(a) of the Act.

4. The WCJ stated:

"This, quite simply, makes no sense, either linguistically or logically. If the language of the statute said, for example, '... against the amount of the award made to policemen and fireman [sic],' no one would argue

that a claimant had to be both a policeman and a fireman for the credit to apply. The interpretation argued by the claimant is no more rational, and is incorrect."
(WCJ's op., Claimant's brief at A–3.)

5. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. Claimant concedes that the General Assembly might have wished to expand the scope of the credit to include an offset against compensation for traumatic injuries; however, Claimant reminds us that in interpreting statutes, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b).

pretation and construction of all statutes is to ascertain and effectuate the intent of the General Assembly. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a). In construing statutory language to achieve the aim intended by the legislature, courts often are compelled to construe "and" as meaning "or" and vice versa. *See e.g., Pennsylvania Labor Relations Board v. Martha Company,* 359 Pa. 347, 59 A.2d 166 (1948); *Readinger v. Workers' Compensation Appeal Board (Epler Masonry),* 855 A.2d 952 (Pa. Cmwlth.2004), *appeal denied,* 581 Pa. 709, 867 A.2d 525 (2005); *Appeal of Martin,* 33 Pa.Cmwlth. 303, 381 A.2d 1321 (1978). In light of the legislative history of section 204(a), judicial application of that section and the fact that Claimant's interpretation fails to advance the legislative purpose behind the 1993 and 1996 amendments of the Act, we conclude that such construction is necessary here.

Prior to the 1993 amendments to the Act, section 204 of the Act allowed an employer to take a credit only for unemployment compensation benefits, and only against occupational disease awards. Other claimants were permitted to concurrently collect both unemployment compensation and workers' compensation benefits. Section 4 of the Act of July 2, 1993, P.L. 190, amended section 204 by adding the phrase at issue here, i.e., "and section 306...." Pursuant to the 1996 amendments, section 204(a) currently allows an employer to take a credit against disability

payments not only for unemployment compensation but for Social Security, severance and pension benefits as well. Section 3 of the Act of June 24, 1996, P.L. 350. Courts have repeatedly read these amendments as demonstrating the legislature's intent to enlarge the scope of an employer's right to an offset under section 204(a). In fact, in *Kramer v. Workers' Compensation Appeal Board (Rite Aid Corp.),* 584 Pa. 309, 883 A.2d 518 (2005),[7] our supreme court considered this legislation and recognized that it serves a legitimate state interest in reducing an employer's cost of workers' compensation benefits in Pennsylvania. The court expressly held that "Section 204(a) of the Act allows all employers, whether self-insured or privately insured, to take an offset in the amount of a severance benefit against an award of workers' compensation benefits." *Id.* at 339, 883 A.2d at 536. Moreover, the court held that this offset did not violate equal protection because "on its face, [section 204(a)] *applies equally to all individuals receiving workers' compensation benefits." Id.* at 333, 883 A.2d at 532 (emphasis added).

Ever since the 1993 amendments added the phrase "and section 306" to section 204(a), our courts have construed that language to *expand* the credit possibilities for employers by allowing offsets against *all* compensation awards (other than for specific loss), whether the awards resulted from occupational disease or traumatic injury.[8] Fourteen years of a single judicial

**7.** In *Kramer,* our supreme court considered: (1) whether section 204(a) of the Act allows all employers, or only self-insured employers, to offset severance payments against a claimant's workers' compensation benefits; and (2) whether such an offset violates equal protection considerations under the Pennsylvania and United States Constitutions.

**8.** *See, e.g., Kramer* (neck injury); *Lykins v. Workmen's Compensation Appeal Board (New*

*Castle Foundry),* 552 Pa. 1, 713 A.2d 77 (1998) (neck and back injury); *Kelly v. Workers' Compensation Appeal Board (U.S. Airways Group, Inc.),* 935 A.2d 68 (Pa.Cmwlth.2007) (knee and leg injury); *Hrivnak v. Workers' Compensation Appeal Board (R & L Development),* 791 A.2d 1281 (Pa.Cmwlth.2002) (lower back injury); *Dana Corporation v. Workers' Compensation Appeal Board (Beck),* 782 A.2d 1111 (Pa.Cmwlth.2001) (back and foot inju-

interpretation, accepted without question by the General Assembly, fatally undermines Claimant's contention that the credit is permitted only in cases where the claimant suffers from an occupational disease. *Sun Home Health Visiting Nurses v. Workers' Compensation Appeal Board (Noguchi),* 815 A.2d 1156 (Pa.Cmwlth.), appeal denied, 575 Pa. 705, 837 A.2d 1179 (2003) (recognizing the statutory construction rule that the legislature's failure to amend a statute as interpreted by the court creates the presumption that the court's interpretation was in accordance with the legislature's intent); *Northeastern Building Registered v. Commonwealth,* 41 Pa.Cmwlth. 403, 399 A.2d 449 (1979) (concluding that when the legislature chooses to use the same disputed language as used in prior legislation and where that language has been interpreted by a court, the legislature has presumably adopted that interpretation); *Harry C. Erb, Inc. v. Shell Construction Co.,* 206 Pa.Super. 388, 213 A.2d 383 (1965) (recognizing that judicial construction of a statute becomes part of the legislation from the time of its enactment); *Commonwealth ex rel. Fox v. Fox,* 206 Pa.Super. 163, 212 A.2d 912 (1965) (holding that the legislature is assumed to have agreed with judicial construction of a statute where the legislature had not seen fit to alter the statute for thirty-four years following the decision); *Krivosh v. City of Sharon,* 205 Pa.Super. 498, 211 A.2d 109 (1965) (holding that if the interpretation placed upon a statute for many years was not the interpretation intended by the legislature, it would have amended the statute).

Claimant's interpretation would render the 1993 amendments to section 204(a) a

ry); *Francisco v. Workers' Compensation Appeal Board (Patterson–Kelley Co.),* 707 A.2d 584 (Pa.Cmwlth.1998) (knee injury); *Healy v. Workmen's Compensation Appeal Board (Industrial Ceramics),* 675 A.2d 1315 (Pa.

nullity because, according to Claimant, the legislature intended no substantive change when adding the language at issue here. We agree with the WCJ and the WCAB that this is an absurd construction of the statutory provision.

For the foregoing reasons, we affirm.

### ORDER

AND NOW, this 30th day of November, 2007, the order of the Workers' Compensation Appeal Board, dated May 30, 2007, is hereby affirmed.

Cmwlth.1996) (unidentified non-occupational injury); *Keystone Coal Mining Corporation v. Workmen's Compensation Appeal Board (Wolfe),* 673 A.2d 418 (Pa.Cmwlth.1996) (lower back injury).