IN THE COMMONWEALTH COURT OF PENNSYLVANIA

South Hills Village Associates LP,     :
           Appellant     :
    :
    v.     :   Nos. 145-146 C.D. 2024
    :
Allegheny County Board of     :
Assessment Appeals, Allegheny     :
County, PA, Bethel Park     :
School District, Bethel Park     :
Borough, and Allegheny County     :
    :
South Hills Village Associates LP,     :
           Appellant     :
    v.     :   Nos. 147-148 C.D. 2024
    :
Allegheny County Board of     :   Argued: November 5, 2025
Assessment Appeals,     :
Allegheny County, PA,     :
Upper St. Clair School District,     :
Upper St. Clair Township and     :
Allegheny County     :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MATTHEW S. WOLF, Judge

OPINION
BY JUDGE McCULLOUGH            FILED: February 19, 2026

South Hills Village Associates LP (Taxpayer) appeals from four orders entered in the Court of Common Pleas of Allegheny County (trial court) on January 18, 2024, denying Taxpayer's motions to award interest on tax overpayment refunds. Upon review, we affirm.

# I. FACTUAL AND PROCEDURAL HISTORY

Taxpayer is the owner of four parcels located at 301 South Hills Village, Upper St. Clair Township/Bethel Park, Allegheny County, Pennsylvania (Property). The Property is commonly known as South Hills Village and is situated in the municipalities of both Upper St. Clair Township and the Borough of Bethel Park. The interested parties in the real estate tax assessment appeals concerning the Property are five taxing bodies, namely, Upper St. Clair Township, the Borough of Bethel Park, Upper St. Clair School District, Bethel Park School District, and the County of Allegheny (collectively, the Taxing Bodies).

On March 31, 2020, Taxpayer filed real estate tax appeals from the assessments on the tax parcels that comprise the Property for tax year 2020. Following a hearing, the Board of Assessment Appeals and Review of Allegheny County (Board) mailed notice of its decisions sustaining the assessments on the four parcels that comprise the Property.

Taxpayer filed timely appeals to the trial court, and after both sides developed expert opinions and engaged in extensive settlement negotiations, the parties agreed to reduce the Property's assessment for the 2020-2023 tax years from approximately $60 million to approximately $45 million. On October 25, 2023, the trial court adopted the parties' settlement and marked each case as settled and discontinued. Pursuant to these October 25, 2023 orders, Allegheny County's Office of Property Assessments was directed to reduce the assessments on all four parcels for the 2020-2023 tax years. The Taxing Bodies timely issued refunds in compliance with the reductions. The parties, however, were unable to come to a resolution regarding interest on the refunds and agreed to bifurcate and preserve the issue of whether interest

2

should be applied to refunds of overpayments and, if so, the amount of interest to be paid.

On November 17, 2023, Taxpayer filed a Motion to Award Interest in the trial court, seeking interest payments on its refunds pursuant to Section 8426(a) of the Local Taxpayers Bill of Rights,[1] which provides that "overpayments of tax due a local taxing authority, including taxes on real property, shall bear simple interest **from the date of overpayment** until the date of resolution."  53 Pa.C.S. § 8426(a) (emphasis added).

In response, the Taxing Bodies argued that Section 17(a) of the Second Class County Assessment Law, 72 P.S. § 5452.17(a),[2] which governs application and calculation of interest in assessment appeals in Allegheny County, provides that interest does not become assessable **until one year after the issuance of a decision or order (*i.e.*, a reduction notice) implementing an assessment reduction**.  Section 17(a) of the Second Class County Assessment Law provides, in relevant part:

> refunds . . . shall be made within thirty (30) days after the tax levying authorities have been notified by mail by the [B]oard of the reduction made in the assessment by the [B]oard or by the court and such refunds shall include interest at the legal rate **commencing one (1) year after the date of the receipt by the tax-levying authorities of the mailed reduction notice from the [B]oard[.]**

72 P.S. §§ 5452.17(a) (emphasis added).[3]

---

[1] In 1998, the Pennsylvania General Assembly enacted the Local Taxpayers Bill of Rights effective January 1, 1999.

[2]  Act of June 21, 1939, P.L. 626, *as amended*.  The Second Class County Assessment Law was enacted in 1939.  Section 17(a) was amended in 1970 to reflect that interest is calculated, not from the date of the overpayment, but from the date of the change order changing the assessment.

[3] Allegheny County is the Commonwealth of Pennsylvania's only Second Class county.

The Taxing Bodies argued that because the trial court's orders reducing the assessed values of Taxpayer's four parcels were issued and received by the Taxing Bodies on October 25, 2023, interest would start to accrue 365 days later, on October 25, 2024. And, because the Taxing Bodies issued timely refunds under the Second Class County Assessment Law before the passage of 365 days, the amount of interest due to Taxpayer was $0.

The question before the trial court was, thus, which of these conflicting provisions applies: Section 17(a) of the Second Class County Assessment Law, which only applies to Allegheny County, or Section 8426(a) of the Local Taxpayers Bill of Rights. The parties agreed that if Section 17(a) of the Second Class County Assessment Law applies then no interest is owed to the Taxpayer. Taxpayer argued, however, that the Second Class County Assessment Law does not apply because the **more recently** enacted Local Taxpayers Bill of Rights supersedes the Second Class County Assessment Law's interest provisions. In other words, the Second Class County Assessment Law's interest provisions have not been good law since the enactment of the Local Taxpayers Bill of Rights in 1999.

Conversely, the Taxing Bodies, citing the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933, argued that the Second Class County Assessment Law is the more **specific** provision, which must prevail over the more **general** provision of the Local Taxpayers Bill of Rights.

After oral argument, the trial court denied Taxpayer's motion to award interest on the refunds, concluding that Taxpayer was not entitled to the requested relief, interest on refunds of overpayments of real estate taxes. In reaching its decision, the trial court accepted that the language of the Second Class County Assessment Law

4

governs the application and calculation of interest in real estate assessment appeals in Allegheny County.[4]

---

[4] We are constrained to point out that the trial court provided no independent legal basis for its decision but "adopted" the legal analysis contained in pages 2-8 of the Taxing Bodies' Briefs in Opposition to the Motion to Award Interest. *See* Trial Ct. Ops., 4/25/24 at 1. It did the same in its Pa.R.A.P. 1925(a) opinions, stating:

> **The undersigned adopts the legal analysis contained in pages 2-8 (Section II. Argument: a., b., & c.) of Interested Party Bethel Park School District's Brief in Opposition [Docket Document No. 14] and as further explained by counsel for Interested Party Bethel Park School District during the argument on December 18, 2023**. *See*, specifically 12/18/2023 Hearing Transcript, page 9, line 25-page 21, line 22. **For the reasons stated in these incorporated references, the Court's decision should be affirmed**.

(Trial Ct. Rule 1925(a) opinions, 4/25/24, at 1) (emphasis added).

Suffice it to say, mere references to briefs and transcripts of oral argument in the lower court are not helpful to the reviewing court and make appellate review immeasurably more difficult. This Court has previously expressed its strong disapproval of a trial court's wholesale adoption of a party's brief.

> While the trial court's action is technically correct according to [Pa. R.A.P. 1925(a)], we find the adoption of a party's brief, which is necessarily prepared from an advocate's point of view, wholly inappropriate. A trial court opinion should reflect the independent thought and reasoning of the court. While we are well aware of the enormous caseload of the trial courts in this Commonwealth, this type of corner cutting in an attempt to save time and effort is frowned upon by this [C]ourt.

*Maurice A. Nernberg & Associates v. Coyne*, 920 A.2d 967, 970 (Pa. Cmwlth. 2007) (quoting *Milan v. Department of Transportation*, 620 A.2d 721, 723 n. 2 (Pa. Cmwlth. 1993)). The Supreme Court has also underscored the proper function of trial courts and the necessity of articulating their independent judicial analysis in support of dispositive orders so as to better focus appeals and better facilitate the appellate function. *See, e.g., Commonwealth v. Fulton*, 876 A.2d 342, 345 (Pa. 2002) (holding that Post Conviction Relief Act (PCRA) court's wholesale adoption of Commonwealth's brief as its opinion was no substitute for independent judicial review of PCRA petition and remanding for preparation of an independent opinion on the questions presented).

Taxpayer now appears to this Court.[5]  Taxpayer's first allegation is that the trial court erred in finding that Allegheny County's taxing bodies are not required to pay Taxpayer interest from the date of overpayment under Section 8426(a) of the Local Taxpayers Bill of Rights.  53 Pa.C.S. § 8426(a).  It also argues that requiring the Taxing Bodies to pay interest on the overpayments from the date of overpayment comports with the constitutional requirements of uniformity[6] in taxation and sound public policy.

## II.   ANALYSIS

### A. *The Conflict Between the Local Taxpayers Bill of Rights and the Second Class County Assessment Law*

The parties agree, as does the Court, that an irreconcilable conflict exists between these two statutes as to the date from which the calculation of interest is measured.  The question thus is which of the two statutes is paramount?

When two statutory provisions are irreconcilable, Pennsylvania's principles of statutory interpretation dictate that a special provision prevails unless the

---

[5] "In reviewing a trial court's decision in a tax assessment appeal, [the appellate courts] will reverse that decision only if the trial court committed an abuse of discretion, an error of law, or where its decision is unsupported by the evidence." *Tech One Associates v. Board of Property Assessment, Appeals & Review of Allegheny County*, 53 A.3d 685, 696 (Pa. 2012).  Because the issues appealed in this case raise questions of law, the standard of review is *de novo* and the scope of review is plenary. *Id.* (quoting *Clifton v. Allegheny County*, 969 A.2d 1197, 1209 n.17 (Pa. 2009)).

[6] Article VIII, section 1 of the Constitution of the Commonwealth of Pennsylvania provides: "All taxes shall be uniform upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."  Pa. Const. art. VIII, § 1.

general provision was enacted later and manifests an intention that it should prevail.[7]
Section 1933 of the Statutory Construction Act of 1972 states in this regard as follows:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

When identifying which provision is special, our courts have considered whether a statute pertains to a unique situation, narrowly limited to a particular situation or a more general set of circumstances. *See*, *e.g.*, *Pennsylvania Associated Builders and Contractors, Inc. v. Department of General Services*, 932 A.2d 1271, 1281 (Pa. 2007) (holding that a provision in the Commonwealth Procurement Code[8] that applied to all construction contracts was the general provision, and that the provision that applied to only certain construction contracts in specified exceptional circumstances was the special provision); *City of Pittsburgh v. Ivy School of Professional Art, Inc.*, 390 A.2d 893, 895 (Pa. Cmwlth. 1978) (holding that Ivy School of Professional Art

_____

[7] Taxpayer argues that any "doubt or ambiguity in the interpretation" of a tax statute must be construed in favor of the taxpayer. (Taxpayer's Brief, at 13) (quoting *Tech One*, 53 A.3d at 696; *Skepton v. Borough of Wilson*, 755 A.2d 1267, 1270 (Pa. 2000)). While this general principle is true, the parties are not disputing **the interpretation of** the Second Class County Assessment Law's interest provision. Indeed, this Court has already found that provision to be "clear, unequivocal and unambiguous." *Woolworth Co. v. City of Pittsburgh*, 284 A.2d 143, 146 (Pa. Cmwlth. 1971). Rather, the dispute between the parties is a conflict of laws dispute involving the Second Class County Assessment Law and the Local Taxpayers Bill of Rights.

[8] 62 Pa.C.S. §§ 101-2311.

was subject to Pittsburgh's institution and service privilege tax, being more particularly applicable to "schools" and "educational services," whereas business privilege tax applied more broadly to all "services"); *Shields v. Council of Borough of Braddock*, 111 A.3d 1265, 1271 (Pa. Cmwlth. 2015) (noting that if there were an irreconcilable conflict between Sections 1003 and 1005 of the Borough Code,[9] Section 1003 was the more specific of the two provisions because it addressed what specifically should occur if a borough council's vote on particular matters is tied, rather than a statement regarding the general powers of a borough council); *McKinney v. Board of Commissioners of Allegheny County*, 385 A.2d 596, 600 (Pa. Cmwlth. 1978) (holding that provision of General County Assessment Law[10] was of no effect where it was inconsistent with provision of Second Class County Assessment Law).

Here, the parties do not agree fundamentally on which is the special provision and which is the general provision. Taxpayer argues that Section 8426(a) of the Local Taxpayers Bill of Rights is narrower in scope than Section 17(a) of the Second Class County Assessment Law because the Local Taxpayers Bill of Rights addresses the "narrow topic" of the protection of taxpayers. (Taxpayer's Br., at 14.) It contends, on the other hand, the Second Class County Assessment Law is a broad statute that addresses assessment in general including the duties of the assessor, the board of assessment, the taking of an appeal to the board and the taking of appeals to court. According to Taxpayer, the Local Taxpayers Bill of Rights is, therefore, the special provision which controls. We disagree.

---

[9] Act of February 1, 1966, P.L. (1965) 1656, *as amended*, *formerly* 53 P.S. §§ 46003, 46005, repealed by Section 3(2) of the Act of April 18, 2014, P.L. 432.

[10] Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§ 5020-101-5020-602.

As between Section 8426(a) of the Local Taxpayers Bill of Rights and Section 17(a) of the Second Class County Assessment Law, there can be no doubt that Section 17(a) of the Second Class County Assessment Law is the special provision.

A review of the Local Taxpayers Bill of Rights and its scope reveals that it is a law of sweeping general application. The interest provision cited to by Taxpayer is explicitly referred to as a "general rule." It references generally overpayments to "a local taxing authority." It states:

> **§ 8426. Interest on overpayment**.
>
> **(a) General rule**.--All overpayments of tax due a local taxing authority, including taxes on real property, shall bear simple interest from the date of overpayment until the date of resolution.

53 Pa. C.S. § 8426(a).

A review of the other provisions of the Local Taxpayers Bill of Rights indicates that it is a statute of general applicability. In this regard, according to the provision defining its scope and general rules, the Local Taxpayers Bill of Rights applies to all taxes enacted under the Local Tax Enabling Act[11] and any of the following: (1) a per capita tax levied under any act; (2) any occupation, occupation assessment or privilege tax levied under any act; (3) a tax on income levied under any act; (4) any tax measured by gross receipts levied under any act; (5) any tax on a privilege levied under any act; (6) a tax on amusements or admissions levied under any act; and (6) any tax on earned income and net profits. 53 Pa.C.S. § 8422.

The term "assessment" is broadly defined as "[t]he determination by **a local taxing authority** of the amount of underpayment by **a taxpayer**." 53 Pa.C.S. §

---

[11] Act of December 31, 1965, P.L. 1257, No. 511, *as amended*, 53 P.S. §§ 6924.101-6924.901.

9

8422 (emphasis added). "Local taxing authority" in turn, is defined indiscriminately as

> **[a] political subdivision levying an eligible tax**. The term shall include any officer, agent, agency, clerk, income tax officer, collector, employee or other person to whom the governing body has assigned responsibility for the audit, assessment, determination or administration of an eligible tax. The term shall not include a tax collector or collection agency who has no authority to audit a taxpayer or determine the amount of an eligible tax or whose only responsibility is to collect an eligible tax on behalf of the governing body.

*Id.*

The term "taxpayer" is also defined broadly to include "[a]n individual, partnership, association, corporation, limited liability company, estate, trust, trustee, fiduciary or any other entity subject to or claiming exemption from any eligible tax or under a duty to perform an act for itself or for another under or pursuant to the authority of an act providing for an eligible tax." *Id.*

The Second Class County Assessment Law, on the other hand, on its face, is a narrowly tailored assessment statute that **only** applies to taxes assessed by **Allegheny County**. Section 17(a) of the Second Class County Assessment Law clearly and unequivocally specifically relates to, and deals particularly with, when and how interest shall be calculated by the Board if a property assessment appeal results in an assessment reduction. In fact, the Second Class County Assessment Law's precedence over general laws has even been made clear through the plain language of the Second Class County Assessment Law itself. *See* 72 P.S. § 5452.20 (explaining that while the requirements of the General County Assessment Law are still applicable in Allegheny County, the Second Class County Assessment Law's terms shall prevail in the event there are any inconsistencies).

10

Accordingly, we conclude that Section 17(a) of the Second Class County Assessment Law is the special provision for purposes of 1 Pa.C.S. § 1933.

Next, Taxpayer contends that, even if the Court determines that Section 17(a) of the Second Class County Assessment Law is the special provision, Section 8426(a) of the Local Taxpayers Bill of Rights nevertheless controls because of the second part of the inquiry set forth in 1 Pa.C.S. § 1933. That is, where an irreconcilable conflict exists, like here, the special provision prevails and must be construed as an exception to the general provision, **unless**: (1) the general provision is enacted later, **and** (2) the legislature manifests its intent that the general provision must prevail. *Id.*

Relying on these guidelines, Taxpayer points out that the Local Taxpayers Bill of Rights was enacted more recently (1999) than Section 8426(a) of the Second Class County Assessment Law (1970). It also contends that it was the "manifest intention" of the General Assembly that Section 8426(a) of the Local Taxpayers Bill of Rights prevail over or supersede Section 17(a) of the Second Class County Assessment Law. Taxpayer arrives at this conclusion by arguing that the Local Taxpayers Bill of Rights has a clause that specifically excludes Counties of the First Class (Philadelphia):

### § 8405. Applicability.

It is the intent of the General Assembly that no provision of this subpart shall apply to any city of the first class, a county of the first class coterminous with a city of the first class and any school district of the first class located within a city of the first class.

53 Pa.C.S. § 8405.

Taxpayer argues that had the General Assembly wished to exclude Allegheny County from the requirements of the Local Taxpayers Bill of Rights, the

General Assembly would have enacted a similar provision for Second Class Counties. Because it did not, the Taxpayer suggests that it was the clear intention of the General Assembly for the Local Taxpayers Bill of Rights to apply to Allegheny County. We are not convinced by this argument.

First, the Applicability provision in 53 Pa.C.S. § 8405 is not a "part of" the Local Taxpayers Bill of Rights. Rather, it appears in **Subpart C** (Taxation and Assessments) of the much larger and generic Act of May 5, 1998, P.L. 301, No. 50 (referred to as Act 50 of 1998). The Local Taxpayers Bill of Rights appears at 53 Pa.C.S. §§ 8421-8438 as its own **Subchapter C** of Act 50 of 1998. That aside, Taxpayer's reasoning at base is faulty. At most, it can be inferred only that the General Assembly, by categorically excluding only Philadelphia County from the reach of all of Subpart C, manifested an intent that all other counties, including Allegheny County, would not be categorically excluded from the reach of Subpart C. We find the exclusion of Philadelphia from the entirety of Act 50 of 1998 is not enough to demonstrate the legislative intent for Section 8426(a) of the Local Taxpayers Bill of Rights to prevail over Section 17(a) of the Second Class County Assessment Law. Manifest intent must be more clearly demonstrated than by far-flung inferences, possibilities or supposition.

"Manifest intent" is intent that is "apparent or obvious." *Commonwealth v. Ruffin*, 16 A.3d 537, 540 (Pa. Super. 2011) (quoting Black's Law Dictionary, 7th Ed. 1990).[12] In determining whether the General Assembly has shown a manifest intent for a general provision to prevail over a special provision, our courts have considered

---

[12] This Court is "not bound by the Superior Court's precedents although, where persuasive, [this Court is] free to adopt the Superior Court's reasoning." *Taylor v. Pennsylvania State Police*, 132 A.3d 590, 603 n.15 (Pa. Cmwlth. 2016) (quoting *Wertz v. Chapman Township*, 709 A.2d 428, 433 n.8 (Pa. Cmwlth. 1998), *aff'd*, 741 A.2d 1272 (Pa. 1999)).

whether the General Assembly had "explicitly" done so. *Eat'n Park Restaurants Business Trust v. Commonwealth*, 821 A.2d 160, 165 (Pa. Cmwlth. 2003). Courts have also examined the statute's repealer section, *Okkerse v. Prudential Property and Casualty Insurance Co.*, 625 A.2d 663, 667 (Pa. Super. 1993), the legislative history accompanying the passage of the statute, *Commonwealth v. Bowen*, 55 A.3d 1254, 1269 (Pa. Super. 2012), and the plain language of the statute itself, *Commonwealth v. Vega-Reyes*, 131 A.3d 61, 64 (Pa. Super. 2016). *See also Commonwealth v. Philadelphia & E.R. Co.*, 30 A. 145 (Pa. 1894) ("a mere general law, without negative words, cannot repeal a previous special statute, although the provisions of the two acts are different"). Our review of the Local Taxpayers Bill of Rights has revealed no language indicating the General Assembly's clear and manifest intent for Section 8426(a) to prevail over, supersede, nullify, or render void Section 17(a) elsewhere in the Second Class County Assessment Law. Nor has Taxpayer pointed us to any.

Furthermore, after the passage of the Local Taxpayers Bill of Rights in 1999, this Court has consistently, on at least three occasions, acknowledged that the Second Class County Assessment Law's interest provision remains applicable in Allegheny County with the most recent acknowledgment having occurred in 2019. *See, e.g.*, *Martel v. Allegheny County*, 216 A.3d 1165, 1173 (Pa. Cmwlth. 2019) ("I[f] a taxpayer prevails on his or her appeal and the Board or trial court lowers the assessed value of his or her real estate, the taxpayer will be entitled to a refund for the tax years at issue and interest. Section 17(a) of the [Second Class County] Assessment Law, 72 P.S. § 5452.17(a)."); *Allegheny County v. Gagliardi* (Pa. Cmwlth., No. 2359 C.D. 2007, filed February 6, 2009)[13] (analyzing Section 17(a) of the [Second Class County]

---

[13] This Court's unreported memorandum opinions filed after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth **(Footnote continued on next page…)**

Assessment Law); *PPL Holtwood, LLC v. Pike County Board of Assessment*, 846 A.2d 201, 204-05 (Pa. Cmwlth. 2004) (acknowledging that Section 17(a) of the Second Class County Assessment Law is in force).[14]  The General Assembly has had ample opportunity to undo these holdings if it thought they were incorrect.  *See, e.g. Mosley v. Workers' Compensation Appeal Board (City of Pittsburgh)*, 937 A.2d 607, 609-10 (Pa. Cmwlth. 2007) ("Fourteen years of a single judicial interpretation, accepted without question by the General Assembly, fatally undermines [the c]laimant's contention."); *Commonwealth ex rel. Fox v. Fox*, 212 A.2d 912, 914 (Pa. Super. 1965) (holding that the legislature was assumed to have agreed with judicial construction of a statute governing jurisdiction for child custody and maintenance proceedings where the legislature had not altered the statute for thirty-four years following the decision). *See also Borough of Collegeville v. Philadelphia Suburban 996 Water Company*, 105 A.2d 722, 730 (Pa. 1954) ("Statutes should be construed in harmony with the existing law; repeal by implication is carefully avoided by the courts.").

Accordingly, we reject Taxpayer's argument that the General Assembly manifested an intent that Section 8426(a) of the Local Taxpayers Bill of Rights

Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported cases cited herein are cited for their persuasive value.

[14] Taxpayer relies on *Moore v. Berks County Board of Assessment Appeals*, 888 A.2d 40 (Pa. Cmwlth. 2005), and *Appeal of Sullivan*, 37 A.3d 1250 (Pa. Cmwlth. 2012), to argue that following the enactment of the Local Taxpayers Bill of Rights, this Court has consistently required that taxing bodies must pay interest on refunds of overpayments measured from the date of the overpayment. However, both decisions are readily distinguishable because neither involve a county governed by the Second Class County Assessment Law.  The case of *Moore* involves Berks County, a third class county, and the case of *Sullivan* involves Delaware County, a second class A county.  Both of these counties must adhere to the requirements of the Consolidated County Assessment Law (CCAL), 53 Pa.C.S. §§ 8801-8868. *See* 53 Pa.C.S. § 8801(b)(1)(i) (explaining that the CCAL applies to "[c]ounties of the second class A, third, fourth, fifth, sixth, seventh and eighth classes of the Commonwealth.").

supersede Section 17(a) of the Second Class County Assessment Law. As such, consistent with Pennsylvania's rules of statutory construction, the Court finds that Section 17(a) of the Second Class County Assessment Law, which provides that interest does not become assessable until one year after the issuance of a decision or order (*i.e.*, a reduction notice) implementing an assessment reduction, must prevail over the conflicting Section 8426(a) of the Local Taxpayers Bill of Rights, which measures interest from the date of overpayment of the tax.

### B. *Uniformity of Taxation*

Taxpayer contends that requiring the Taxing Bodies to pay interest on overpayments from the date of overpayment of the tax comports with Pennsylvania's constitutional guarantees of uniformity of taxation. Pa. Const. art. VIII, § 1. It argues that Section 8426(a) of the Local Taxpayers Bill of Rights should apply in Allegheny County, "just like it applies to all other taxpayers in the Commonwealth." (Taxpayer's Br. at 16.) We reject the argument outright.

First, the Uniformity Clause requires that taxes be uniform "upon the same class of subjects, **within the territorial limits of the authority levying the tax**." Const. art. VIII, § 1. (emphasis added). By its plain language, this constitutional mandate does not require uniformity across different classes of counties, as Taxpayer contends. Rather, the Uniformity Clause requires uniform taxation only within the territorial limits of each taxing authority. *See Clifton v. Allegheny County*, 969 A.2d 1197, 1202-03 (Pa. 2009) ("Under the Uniformity Clause, countywide assessments must be uniform so that **all property in each county is uniformly assessed**.") (emphasis added); *Downingtown Area School District v. Chester County Board of Assessment Appeals*, 913 A.2d 194, 199 (Pa. 2006) ("[A] taxpayer is entitled to relief under the Uniformity Clause where his property is assessed at a higher percentage of

15

fair market value **than other properties throughout the taxing district**.") (emphasis added). *See also Carl v. Southern Columbia Area School District*, 400 A.2d 650, 653 (Pa. Cmwlth. 1979) (explaining that the Uniformity Clause requires uniformity within the territorial limits of the [a]uthority levying the tax). Thus, contrary to Taxpayer's argument, the Uniformity Clause does not mandate that Allegheny County's assessment methodologies, tax rates, and administrative procedures mirror the systems used by other Pennsylvania counties.

Accordingly, based on the foregoing, the trial court's orders denying Taxpayer's motions to award interest on tax overpayment refunds are affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

South Hills Village Associates LP,     :
            Appellant     :
    :
    v.     :     Nos. 145-146 C.D. 2024
    :
Allegheny County Board of     :
Assessment Appeals, Allegheny     :
County, PA, Bethel Park     :
School District, Bethel Park     :
Borough, and Allegheny County     :
    :
South Hills Village Associates LP,     :
            Appellant     :
    v.     :     Nos. 147-148 C.D. 2024
    :
Allegheny County Board of     :
Assessment Appeals,     :
Allegheny County, PA,     :
Upper St. Clair School District,     :
Upper St. Clair Township and     :
Allegheny County     :

## ORDER

AND NOW, this 19th day of February, 2026, the orders entered in the Court of Common Pleas of Allegheny County on January 18, 2024, denying South Hills Village Associates L.P.'s motions to award interest on tax overpayment refunds are hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge